FREDERICK KERNER, APPELLANT, v. ERNEST ZERR, RESPONDENT.

Argued October 20, 1926—Decided January 31, 1927.

In this case it was error for the trial court to grant a motion to nonsuit. A motion for a nonsuit admits the truth of the plaintiff's evidence, and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law. The trial judge is to say whether any facts have been established by evidence, from which negligence *may be* reasonably inferred. It is for the jury to say, whether from those facts negligence *ought to be* inferred. The plaintiff was injured while walking along a lane by a backing automobile, for which he was to give signals.

On appeal from the Supreme Court.

For the appellant, *Palmer & Cooper.*

For the respondent, *John W. McGeehan, Jr.*

The opinion of the court was delivered by

Black, J. This was an action for personal injuries, the plaintiff's claim being that he was knocked down and injured by the careless operation of an automobile driven or being backed by the defendant. At the close of the plaintiff's case a nonsuit was directed. This was error.

The plaintiff's case, taken in its most favorable aspect for him, was that he had ridden with the defendant in the latter's car to the place of a florist on Bernard avenue, in Irvington, for the purpose of purchasing flowers. When they reached the florist's place of business they turned into a lane, or driveway, which ran from Bernard avenue into the greenhouse yard. When they had finished their business with the florist and came back to the car, it was found necessary to back the car out of the lane, or driveway, onto Bernard avenue, there not being room to turn it around. The plaintiff was asked by the defendant to guide him as he was backing the car out onto the public road. In pursuance of this request, the plaintiff walked down the driveway toward Bernard avenue, intending to signal the defendant, when it would be safe to back the car out of the driveway onto Bernard avenue. About the time he reached the avenue, and before giving any signal to the defendant to come on with his car, the defendant ran him down by backing onto the plaintiff causing the injuries. The direction of a nonsuit was based upon the theory that there was no evidence to show negligence on the part of the defendant, and that the contributory negligence of the plaintiff was demonstrated by his own testimony. Both of these conclusions were erroneous. If it be true, that the plaintiff was walking down the driveway for the purpose of signalling the defendant, when he reached the avenue, that it would be safe to move the car onto the avenue, it was at least a question for the jury to say whether the plaintiff was not justified in presuming that the defendant would not move his car until he got the signal. It was also for the jury to say, if it believed the story of the plaintiff as to the arrangement with relation to signalling, whether it was not negligent on the part of the defendant to back his car on the plaintiff before receiving a signal from the latter, and without warning the latter of the approach of the vehicle. The Traffic act provides that on all public roads, before backing, ample warning should be given, and while backing unceasing vigilance shall be exercised not to injure those behind. *Pamph. L.* 1915, *p.* 288, § 3; *Pamph. L.* 1918, *p.* 324, § 3; while

this statute is not applicable to the facts of this case, it indicates, however, a desirable degree of care to be exercised.

The elementary and accepted rule to be applied, illustrated by many reported cases in the books, is : A motion for a nonsuit admits the truth of the plaintiff's evidence, and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law. *Weston Co.* v. *Benecke,* 82 *N. J. L.* 445; *Fox* v. *Great Atlantic, &c., Tea Co.,* 84 *Id.* 726; *Jones* v. *Public Service Railway Co.,* 86 *Id.* 646. So, it is for the trial judge, when requested to nonsuit, to say whether any facts have been established by evidence, from which negligence *may be* reasonably inferred. If not, there is no case to go to a jury; but if from facts established negligence may reasonably and legitimately be inferred, it is for the jury to say whether from those facts negligence *ought to be* inferred. *Newark Passenger Railway Co.* v. *Block,* 55 *Id.* 605; *Fanshaw* v. *Rawlins,* 87 *Id.* 667; *Work* v. *Philadelphia Supply Co.,* 95 *Id.* 193; *McCombe* v. *Public Service Railway Co.,* 95 *Id.* 187. That is precisely this case, there are facts and inferences as stated in the record from which negligence *may* be inferred. It was the province of the jury to say whether negligence of one or both parties *ought to be* inferred. The judgment under review is therefore reversed and a *venire de novo* directed to issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 13.