MARTIN H. HAGEMAN *vs.* ANDREW S. FREEBURG ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

470

Argued June 9th—decided August 2d, 1932.

*Ralph O. Wells* and *William S. Locke,* for the appellant (defendant Freeburg).

*Edward S. Pomeranz,* with whom, on the brief, were *S. Polk Waskowitz* and *George Miske,* for the appellee (plaintiff).

MALTBIE, C. J.  The plaintiff, a pedestrian, was standing upon the sidewalk at the entrance to a parking station for automobiles.  The defendant Freeburg had driven an automobile into the station and left it there to be placed by the attendant.  The foot brake had become disconnected just before he drove into the station and the plaintiff claimed the emergency brake also was defective.  While being placed by an attendant at the station, the automobile, due to the defective brakes, rolled down a slight incline on to the sidewalk, striking the plaintiff.  He brought this action against Freeburg and the proprietors of the station, the jury returned a verdict against the former but in favor of the latter, and Freeburg has appealed.  We shall hereafter refer to him as the defendant.

The claim of error most stressed is the charge of the trial court as to damages recoverable. The plaintiff was sixty-eight years old; he had suffered a previous accident in 1927; and the claim of the defendant was that the incapacities and physical impairments of which he complained were attributable to this accident and to advancing senility rather than to any injury received by being struck by the defendant's car. The complaint listed in considerable detail the ill results claimed by the plaintiff to be due to the injuries involved in this accident and the trial court repeated its allegations to the jury, telling them that the matters alleged were all proper for their consideration. The defendant claims that the charge was defective and inadequate, particularly in that there were duplications in the elements of damages involved in the plaintiff's claim; in that the charge permitted an award of damages for bruises, contusions and other physical injuries claimed to have resulted as well as for the suffering incident to them; in that it did not list the true elements of recoverable damages or caution the jury as to the necessity of distinguishing between the results of the accident and the physical impairments and incapacity due to other causes; and in that it did not give the jury as adequate a standard for measuring the recoverable damages as it should. All the elements of damages mentioned in the charge were proper for the jury to consider in determining the amount the plaintiff was entitled to recover. If in them there was a certain duplication, it by no means follows that the jury did award greater damages than they ought; where this occurs they may have adopted one claimed basis of estimating damages and rejected the other. The bruises, contusions and physical injuries themselves would be the basis of awarding some damages entirely apart from the resulting suffering; every in-

vasion of a legal right imports damage and an actual physical injury resulting from the violation of the right of personal security entitles a plaintiff to something more than merely nominal damages. *Beattie* v. *New York, N. H. & H. R. Co.,* 84 Conn. 555, 559, 80 Atl. 709. The trial court charged the jury that the plaintiff could recover only such damages as were fair, just and reasonable compensation for the injuries suffered and as were alleged in the complaint and that the burden of proof rested upon him; it cautioned them to weigh these matters dispassionately and without sympathy or prejudice; and it discussed the claims of parties at considerable length. The charge as to damages was not incorrect and was adequate for the guidance of the jury. The defendant was apprised by the complaint of the nature of the plaintiff's claims and if he desired specific instructions as to particular matters he should have requested them. *Quackenbush* v. *Vallario,* 114 Conn. 652, 159 Atl. 893.

The charge of the court that the failure of the defendant to give warning of the defective condition of the brakes would be negligence if an ordinarily prudent person would have done so under the circumstances, if subject to criticism, was immediately after amplified and the jury instructed that if they found that the defendant knew of the condition of the brakes and did not give warning to the attendants at the station, and that an ordinarily and reasonably prudent person would under those circumstances have done so, they might find the defendant guilty of negligence. This charge was sufficiently favorable to the defendant and a substantial compliance with his request. If the jury found him negligent in this respect, they would be justified in finding that such negligence was a proximate cause of the plaintiff's injuries; *Hedberg* v. *Cooley,* 115 Conn. 352, 161 Atl. 665; and the request

to charge that this could not be so as a matter of law was plainly incorrect.

The admission of the map of the parking station, which delineated a driveway not existing upon the surface of the ground but, it was testified, truly represented a strip of land that day being reserved as a driveway, was not erroneous, particularly in view of the fact that the testimony offered at the time clearly indicated the extent to which the map reflected the true situation and that the trial court immediately stated that situation to the jury.

There is no error.

In this opinion the other judges concurred.