### ALBERTINA GOLNIK *v.* SINCLAIR REFINING COMPANY ET AL.

MALTBIE, C. J., HINMAN, AVERY and BROWN, Js.[1]

Argued January 7th—decided February 1st, 1938.

[1] By agreement of counsel the case was argued before and decided by four judges.

*Robert P. Butler,* for the appellant (plaintiff).

*Martin E. Gormley,* with whom, on the brief, was *Adrian W. Maher,* for the appellees (defendants).

AVERY, J. The plaintiff brought this action claiming that she was riding as a passenger in an automobile traveling in a southerly direction on South Main Street in West Hartford. There was another automobile traveling in the same direction ahead, owned by the defendant and operated by its servant. As the automobiles were approaching Rock Ledge Road, which intersects South Main Street from the east, the driver of the car in which the plaintiff was riding sounded his horn and started to pass the defendant's car at or about the intersection, when, without warning or signal, the defendant's car suddenly turned to its left to enter Rock Ledge Road in front of the car in which the plaintiff was riding causing the driver of the plaintiff's car to turn sharply into Rock Ledge Road in an effort to avoid a collision. As a result the car in which the plaintiff was riding turned over causing her injuries. The case was tried to the jury and the plaintiff recovered a verdict for $1500 damages, but has appealed assigning as error that the amount of the verdict was inadequate, that the charge of the court was erroneous upon the question of damages, and also a ruling on evidence.

With respect to her injuries the plaintiff at the trial offered evidence to prove and claimed to have proved that as a result of the collision she suffered among others the following injuries: Blows and contusions to her head, and the loss and chipping of several teeth; a wrenched and sprained neck; a comminuted fracture of her right clavicle or collar bone; contusions of the right and left elbows and right arm and of the collar

bone; a wrenched and sprained back with a compressed fracture of the sixth thoracic vertebra; contusions and abrasions of the left hip, right leg, knee and ankle; and other general bruises and contusions about her body, head and limbs. She claimed a permanent impairment of at least 25 per cent of the normal functioning of her backbone and in addition to these items she claimed to have been caused pain and suffering. She also claimed compensation for hospital and medical expenses rendered necessary by the injury, for wages paid to a maid while she was unable to attend to her housework, and for loss of earnings in her business while she was unable to attend to it.

The trial court in instructing the jury told them that among the plaintiff's damages there were two elements: General damages and special damages and that special damages included doctor's bills, hospital bills, expenses incurred by reason of her inability to take care of her housework and such loss of returns from the business which she was conducting as the jury might find to be reasonable. It then discussed some of these items and stated: "In addition to these items of special damages, if you find that the plaintiff has established a right of recovery, there are what is known as her general damages, those are the damages which resulted from her pain and suffering which she has endured, and which she is likely to endure as a result of the condition following the accident. In arriving at the solution of that question, the amount of such damages, you should use your best judgment. There is no rule which can be given to you concerning damages of such a character." The trial court said nothing to the jury about the nature of the injuries or damages for any permanent disability in case they found that the plaintiff had sustained such disability. The effect of the charge was to limit the recovery to

the items of special damage which were enumerated and to any pain and suffering which might be shown in view of the claims of proof made by the plaintiff. These instructions were inadequate and prejudicial. The jury may well have thought that their verdict should be limited by the items of special damage shown together with such amount as they determined proper for the plaintiff's pain and suffering. There was error in the charge in this respect. *Meyer* v. *Basta,* 102 Conn. 144, 147, 128 Atl. 32; *Feehan* v. *Slater,* 89 Conn. 697, 702, 96 Atl. 159; *Hageman* v. *Freeburg,* 115 Conn. 469, 471, 162 Atl. 21. As a new trial must be had for the reasons given, it is unnecessary to discuss the other assignments of error based upon matters not likely to occur upon a new trial.

There is error and a new trial is ordered.

In this opinion the other judges concurred.

---

[1] By agreement of counsel the case was argued before and decided by four judges.