21 N.J. Super. 503 (1952)
91 A.2d 417
ABRAHAM ALPERT, PLAINTIFF-APPELLANT,
v.
IRVING M. FELDSTEIN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1952.
Decided October 1, 1952.
*504 Before Judges FREUND, STANTON and CONLON.
Mr. Seymour B. Jacobs argued the cause for the appellant (Mr. Fred Freeman, attorney).
Mr. William H.D. Cox argued the cause for the respondent (Messrs. Cox & Walburg, attorneys).
*505 The opinion of the court was delivered by STANTON, J.S.C.
This is a negligence action in which there was a dismissal at the close of the plaintiff's case. He appeals therefrom.
There were proofs that on December 22, 1950 the respondent engaged the appellant to drive him in his automobile from his home in West Orange to Atlantic City; en route he had the car inspected by the State Motor Vehicle Department at Freehold; it did not pass inspection and a slip showing the reasons therefor namely, "faulty hand brake and crack in a ventilator glass," was given to the respondent; the appellant did not read the slip and at the time of the rejection he knew only that the cracked glass was a cause of rejection; after conveying the respondent to Atlantic City he returned the car to the former's garage in West Orange; on January 1, 1951, the respondent telephoned to the appellant and requested him to get the car and bring it to him at Atlantic City; he asked the respondent if the car had been fixed and he replied, "Sure  perfect shape"; he went to the garage which was at the respondent's home, backed it into the driveway, set the hand brake on the car and left it in order to close the garage doors; while so doing, the car moved down the grade and crushed him between its bumper and the doors; in response to an emergency call, an ambulance and members of the local police force responded promptly; one of the police officers examined the car and found that the hand brake was in the "off" position; the driveway inclined from the sidewalk toward the garage and there was a variation of grade to the extent of about three feet in a distance of 25 feet.
The inspection made of the respondent's car at Freehold was one required under R.S. 39:8-1 with respect to mechanism, brakes and equipment. R.S. 39:3-67 provides, inter alia, that one of the two required means of applying brakes to a motor vehicle shall be so constructed that it can be set to hold the vehicle "stationary on any up or down grade upon which it is operated." There is nothing in the evidence to *506 show the nature or character of the fault in the hand brake which caused the motor vehicle inspector to refuse to pass it. The trial court stated: "* * * it is just as consistent that the hand brake was not properly applied as that it was out of order."
Under our former practice, on a motion for a nonsuit the defendant admitted the truth of the plaintiff's evidence and of every inference of fact that might be legitimately drawn therefrom, but denied its sufficiency in law. Jackson v. D.L. & W.R.R. Co., 111 N.J.L. 487 (E. & A. 1933). And if from the evidence negligence might be reasonably and legitimately inferred it was for the jury to determine whether it ought to be inferred. Kerner v. Zerr, 103 N.J.L. 424 (E. & A. 1927). These rules are applicable in our present day practice on a motion to dismiss at the close of the plaintiff's case. Pirozzi v. Acme Holding Co., 5 N.J. 178 (1950).
We are of the opinion that from the evidence the jury might properly have found that the respondent's hand brake was defective, that he had knowledge of it, that the appellant was injured as a result of its failure to hold the car at rest, that the ordinarily and reasonably prudent man would or should have informed the appellant of the condition of the hand brake, and his failure to do so constituted negligence. Hageman v. Freeburg, 115 Conn. 469, 162 A. 21 (Conn. Sup. Ct. Err. 1932); McCoy v. Courtney, 25 Wash.2d 956, 172 P.2d 596, 170 A.L.R. 603 (Sup. Ct. 1946).
The judgment of dismissal is reversed and a new trial ordered.