## WALTER DECKO ET AL. *v.* JACK WOOD ET AL.
### (3118)

SPALLONE, DALY and HENDEL, Js.

Argued November 20, 1985—decision released January 21, 1986

*Nellie Decko* and *Walter Decko,* pro se, the appellants (plaintiffs).

*Donna D. Morris,* for the appellees (defendants).

HENDEL, J. This is an action in which the plaintiffs sought an injunction and monetary compensation for damages resulting from the excessive runoff of surface water onto their property as a result of improvements made on the defendants' adjoining property. After hearing testimony and privately viewing the site in response to the plaintiffs' motion for a view of the premises, the court rendered judgment for the defendants. The plaintiffs have appealed.

The plaintiffs allege that the court erred when it visited the site without a hearing on the motion for a view, without notice to counsel or the parties and without providing an opportunity for counsel or the parties to be present at the view. The plaintiffs further claim that the trial court erred in finding that the evidence was insufficient to prove that the improvements on the defendants' property resulted in additional runoff of water causing damage to the plaintiffs' property. We find no error.

The plaintiffs do not claim that at the time of the view the premises were not in substantially the same condition as they were during the time in question. Nor is it alleged that the circumstances surrounding the view were unfairly prejudicial. Rather, the plaintiffs claim that by privately viewing the premises without notification to the parties the court "failed to allow the plaintiffs the opportunity to show the court the conditions of which they complain."

The plaintiffs do not challenge the authority of a trial court to take a view pursuant to a party's motion. It is well established that the finder of fact may take such a view "whenever it is necessary or important to a clearer understanding of the issues." *Greenberg* v. *Waterbury,* 117 Conn. 67, 73, 167 A. 83 (1933). "Granting or refusing to grant such a motion [for a view] rests in the sound discretion of the [trial] court." *LaVoie* v. *Marshall,* 141 Conn. 681, 687, 109 A.2d 508 (1954). Likewise, the trial court is empowered to impose reasonable restrictions upon the conduct of the view. See, e.g., *Mackin* v. *Mackin,* 186 Conn. 185, 190, 439 A.2d 1086 (1982) (upholding the trial court's grant of a partial view).

In the present case, after stating in its memorandum of decision that it had granted the plaintiffs' motion without the necessity of argument and that it had pri-

vately viewed the premises, the trial court said: "Advisedly and deliberately, there was no notification of the parties or of counsel of such viewings in order to avoid improper out-of-court and ill-advised comments and attempts to influence the Court by the [plaintiffs]—notably Mrs. Decko—who, it must be observed for the record, has, since the dates of the court hearing—and without the knowledge of her attorney, made numerous attempts, by telephone, mail and messenger (Mr. Decko) to submit statements, documents and other non-exhibits to the court for its observation."

Under the circumstances set forth in its memorandum of decision, the trial court, after argument by counsel, could, in its discretion, have ordered that the view of the premises be taken privately. Therefore, even if it is assumed, arguendo, that it was error for the court to grant the motion without argument and to take the view without notice to counsel or the parties, any error is harmless. *Fowler* v. *Fayco, Inc.,* 290 Ala. 237, 242, 275 So. 2d 665 (1973).

As to the plaintiffs' second claim of error, a review of the record reveals that the findings of fact made by the court are amply supported by the record. See *Lake Williams Beach Assn.* v. *Gilman Bros. Co.,* 197 Conn. 134, 140, 496 A.2d 182 (1985).

There is no error.

In this opinion the other judges concurred.