EXPRESSWAY ASSOCIATES II *v*. FRIENDLY ICE CREAM
CORPORATION OF CONNECTICUT
(8482)

SPALLONE, NORCOTT and LAVERY, Js.

Argued April 20—decision released June 26, 1990

---

*Stephen Sakonchick II,* for the appellant (plaintiff).

*William H. Champlin III,* with whom were *Donald Moffat* and, on the brief, *Kristine D. Ragaglia,* for the appellee (defendant).

NORCOTT, J. The plaintiff appeals from the trial court's denial of its request for injunctive relief and damages against the defendant for overburdening the plaintiff's right-of-way over the defendant's property. The plaintiff claims that the trial court failed to recognize that the plaintiff owns an unconditional right-of-way over the defendant's property with which the defendant is interfering.

The following facts are relevant to this appeal. In 1968, the plaintiff's predecessor, Regional Properties, Inc. (Regional), owned a parcel of real property known as 2944 Main Street in Glastonbury. On September 11 of that same year, Regional conveyed to the defendant that portion of the parcel fronting on Main Street, reserving a right-of-way over the property conveyed for the benefit of the remaining land in the parcel.

On August 1, 1974, Regional and the defendant entered into a purchase and sale agreement that provided that Regional convey to the defendant an additional portion of the property directly behind the Main Street frontage and that the parties would enter into a supplemental agreement of the same date. The supplemental agreement, which was filed in the Glastonbury land records, provided for the relocation of the right-of-way, for the conditions precedent to construction of a permanent roadway over the right-of-way, and for the construction plans for the defendant's parking lot.

In accordance with these agreements, the additional land was conveyed by warranty deed dated November 15, 1974, and the relocated right-of-way was granted to Regional, its successors, grantees and assignees in a right-of-way agreement dated November 6, 1974. All documents were filed in the Glastonbury land records.

Thereafter, the defendant did not construct its parking area in accordance with the plan that it had provided as part of the supplemental agreement. The parking area that the defendant did construct encroaches on the right-of-way by allowing parking and other obstacles onto it, by blocking vehicular traffic and by limiting the direction of travel to one-way.

The plaintiff, successor in interest to Regional, sought a permanent injunction restraining the defendant from interfering with the right-of-way, compelling the defendant to remove parking spaces and obstacles encroaching on and blocking the right-of-way, and to remove the restriction to one way traffic. The plaintiff also sought compensatory damages.

The trial court concluded, based on its interpretation of all of the documents when read together, that the plaintiff had no present interest in the right-of-way and that such a right could be created only if the certain conditions described in the supplemental agreement were met. On the basis of these conclusions, the trial court denied the plaintiff's request for relief and rendered judgment for the defendant. From this ruling, the plaintiff appeals.

The plaintiff claims that the trial court based its ruling on a misreading of the agreements and incorrectly failed to find that it had a present right to the right-of-way. We agree.

"In considering the expressed intent of a contract evidenced . . . by multiple writings, all of the writings should be considered and an endeavor made to ascertain the expressed intent of the contract as a whole." *Schubert* v. *Ivey,* 158 Conn. 583, 587, 264 A.2d 562 (1969). " ' "The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used." . . .' " (Citations omitted.) Id., 589; see also *Marion Road Assn.* v. *Harlow,* 1 Conn. App. 329, 332, 472 A.2d 785 (1984); compare *American Trading Real Estate Properties, Inc.* v. *Trumbull,* 215 Conn. 68, 75, 574 A.2d 796 (1990) (because the court concluded the deed clearly expressed an intention to convey a fee simple interest, reference to surrounding circumstances was unnecessary). "A reservation will be interpreted as creating a permanent easement if, from all the surrounding circumstances, it appears that that was the intention of the parties." *Kelly* v. *Ivler,* 187 Conn. 31, 40, 450 A.2d 817 (1982). In cases involving the construction of deeds not based on the credibility of witnesses, "the reviewing court does not give the customary deference to the trial court's factual inferences and decides the question of intent as a matter of law." *Marion Road Assn.* v. *Harlow,* supra; *Contegni* v. *Payne,* 18 Conn. App. 47, 51, 557 A.2d 122 (1989).

In this case, the right-of-way was reserved at the time of the original conveyance. Thereafter, when the plaintiff's predecessor, Regional, sold an additional strip of land to the defendant, the original right-of-way was expanded so that it extended over the additional piece of land. Section C of the agreement, incorporated into the supplemental conveyance agreement, contains the revocation of the original right-of-way and the agree-

ment for the new right-of-way. That section reads as follows: "1. Friendly and Regional hereby terminate and revoke the right-of-way designation recorded in the Glastonbury Land Records at Book 162, Page 673, it being the intent of the parties to completely nullify and eliminate said designation as it now exists.

"2. Friendly hereby grants and designates a right-of-way over the said Friendly Premises to Regional, its successors, grantees, and assigns for all vehicular and pedestrian purposes to and from the public highway known as Main Street. It is expressly understood that the right-of-way hereby granted by Friendly to Regional shall not be used in connection with the operation, maintenance and/or use upon the Regional Premises of a restaurant of a similar nature to a Friendly Ice Cream Restaurant. . . ."

At the time the parties signed the supplemental agreement and right-of-way modification agreement, both parties were anticipating that Regional would begin construction of a motel on the Regional premises shortly after the agreements were finalized. Accordingly, the supplemental agreement, after acknowledging the right-of-way, states that Regional shall construct a roadway over said right-of-way and that Friendly's shall construct a parking area in accordance with its parking plan, the two obviously not to conflict with each other. The agreement then provides: "Construction of the parking area and roadway as stipulated above shall be completed prior to the completion of construction of the motel contemplated on the 'Regional Premises,' and shall commence as soon as practical after 'Regional' or its successors or assigns gives written notice and verification to 'Friendly' of the commencement of the motel construction.

"Notwithstanding any other provision herein to the contrary, 'Friendly' shall at all times prior to the

development of the roadway shown on Schedule C affixed to the Agreement, have the right to utilize any of its premises, including that portion to be purchased from 'Regional' under the terms of the Agreement, for additional parking . . . ."

The defendant argues that section C 2, which allows the defendant to use "any part of" the premises purchased from Regional for additional parking, "notwithstanding any other provision herein to the contrary," provides the authority for the defendant to construct parking over the right-of-way regardless of any encroachment thereon. The defendant further claims that this provision, along with the provisions governing construction of the roadway over the right-of-way, creates only a future right in the plaintiff and, until the time that such construction notice is given, the plaintiff has no enforceable right in that land designated as the right-of-way. The trial court ruled in accordance with this argument.

The defendant's contention, and the trial court's ruling, that the plaintiff held only a future right to the right-of-way are based on a misreading of the agreements. It is clear from these provisions, when read together, that the intention of both parties was that Regional and its successor would have a present interest in a right-of-way across the defendant's property, and that a road would be constructed at some time in the future. The contemplation of further construction of the road in no way affects Regional's right to the right-of-way across the property.

Because it is clear that the plaintiff, as Regional's successor, had a present interest in the right-of-way, the defendant could not use that portion of the property designated as the right-of-way for any purpose that would deprive the plaintiff of its right to use the right-of-way. *Hagist* v. *Washburn,* 16 Conn. App. 83, 546

A.2d 947 (1988). "Even absent a proviso in the deed restricting the grantor to noninterfering uses of the land, the law implies such restrictions." *Connecticut Light & Power Co.* v. *Holson Co.*, 185 Conn. 436, 443, 440 A.2d 935 (1981).

The provisions upon which the defendant relies do not create an absolute right in the defendant to overburden the plaintiff's right-of-way. Rather, the defendant had a right to use the land constituting the right-of-way in any manner consistent with the plaintiff's right; see *Hagist* v. *Washburn,* supra, 88; "[s]ince such activities would necessarily be temporary, so they could cease upon the plaintiff's desire to [use its right-of-way]"; id.; and the encroachment would not overburden the plaintiff's right-of-way.

The plaintiff also claims that the trial court should not have ruled that, as the defendant argues, the plaintiff is not entitled to injunctive relief because it has failed to prove irreparable harm. The trial court predicated its finding that the plaintiff had not shown irreparable harm on the conclusion that the plaintiff has no present interest in the land designated as the right-of-way. Accordingly, our conclusion that the agreements clearly provide the plaintiff with a present right-of-way across the defendant's property is dispositive of this issue. Because the plaintiff does possess a present right-of-way, his covenant " 'may be enforced by injunction without a showing that violation of the covenant will cause harm to the plaintiff, so long as such relief is not inequitable.' " *Manley* v. *Pfeiffer,* 176 Conn. 540, 544–45, 409 A.2d 1009 (1979); see also *Wambeck* v. *Lovetri,* 141 Conn. 558, 564, 107 A.2d 395 (1954). It is well settled that "the owner of an easement is entitled to relief upon a showing that he will be disturbed or obstructed in the exercise of his right." *Leabo* v. *Leninski,* 182 Conn. 611, 615, 438 A.2d 1153 (1981).

In this case, the plaintiff is entitled to the injunctive relief sought, and no inequity would result from that relief. Moreover, to disallow that relief would deprive the plaintiff of its right to use its right-of-way, and that result would be inequitable.

We also agree with the plaintiff that the trial court should have awarded it compensatory damages. Once again, our conclusion that the plaintiff had a present right-of-way over the defendant's property dictates here. Because there is no dispute that the defendant constructed a parking area and placed other obstacles in the subject area, it is clear that the plaintiff has proven actual interference with its rights. Proof of actual injury as opposed to "technical" injury, warrants an award of damages. See *Mackin* v. *Mackin,* 186 Conn. 185, 190, 439 A.2d 1086 (1982); see also *Kelly* v. *Ivler,* supra, 46.

The judgment is reversed and the case is remanded to the trial court with direction to render judgment for the plaintiff granting the injunctive relief sought and for further proceedings to determine the amount of damages to be awarded, consistent with this opinion.

In this opinion the other judges concurred.