[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was brought by the plaintiff seeking a declaratory judgment concerning the status of an easement to which his property is subject. Plaintiff claims that a proposed development plan of defendant's abutting property, if completed, will limit or terminate the easement.
Based on a fair preponderance of the credible evidence, the court finds the following facts proven. On February 11, 1982, the defendant contracted to sell to the plaintiff a portion of his property known as 567 Center Street, Wallingford, Connecticut and described as follows:
 "East of Brook 140 feet to one foot beyond existing restaurant South 150 feet in parallel with existing property line, see recorded map on file."
When the defendant subdivided his property, preparatory to sale, he learned that the bulk zoning sideline regulations required that he convey the parcel allowing for six feet beyond the existing restaurant. Accordingly, the property was subdivided and conveyed the parcel, with zoning compliance secured by conveying enough to allow the six foot side area but with defendant retaining a six foot wide easement over the plaintiff's property in order to allow him access to his property.
The easement language is as follows:
 "The Grantors reserve to themselves and to their heirs and assigns forever, an easement and Right of Way, for any and all purposes, in, under, over and upon a portion of the premises herein conveyed, 6 feet in width and 150.00 feet in length, along the southeasterly line of same.
 Said reservation notwithstanding, in the event that the Grantors, their heirs and assigns, shall construct buildings or other improvements on other land of the Grantors located to the rear of the premises herein conveyed and shall provide access to said improvements to and from Center Street, said accessway shall be constructed and provided within an area of the Grantors' premises other than the 6 foot Right of Way above reserved, CT Page 267 and upon completion of same the above reserved Right of Way shall terminate and be null and void, other than to provide access to the existing wood frame structure located immediately east of the premises herein conveyed. In the event said wood frame structure shall be razed and removed by the Grantors, said 6 foot Right of Way shall terminate and be extinguished absolutely."
The purchase price remained the same ($100,000.) despite the additional six foot parcel conveyed subject to the easement.
In 1989, the defendant applied to the Planning and Zoning Commission of the Town of Wallingford for permission to develop his property in accordance with a "Site Plan for Downtown Apartment Complex" dated October 25, 1989. The plan proposed development of the property (which was undeveloped at the time of conveyance to plaintiff), to the rear of plaintiff's property, by adding a paved parking area for fifteen cars, curbs and driveways, lighting and lighting poles, planters and plantings, a dumpster with enclosure and a traffic island. The plan provided that ingress to the rear land would be from Center Street with egress from a new driveway.
The plan also provided for extensive remodeling of the "wood frame structure" which would be expanded in three directions, with only one exterior wall remaining the same, thus converting that two family house to a six family apartment building. The Planning and Zoning Commission approved the plan and defendant intends to proceed with the development.
Plaintiff claims that the conditions for limitation and termination of the easement have been met by the plan in that "improvements" will be constructed on the rear land, access will be provided from Center Street within an area other than the six foot easement and, further, that the extensive remodeling of the "wood frame structure" constitutes a "razing and removal" of the building.
Defendant claims that the status of the easement will not change because the development of the rear land does not constitute "improvements" as contemplated by the parties, the new driveway does not constitute the type of accessway contemplated by the parties and, further, the expansion of the existing house does not constitute "razing or removal" of it.
The character and extent of an easement is determined by the language of the deed, the nature of the property and the surrounding circumstances. Mackin v. Mackin, 186 Conn. 185, 189
CT Page 268 (1982); American Brass Co. v. Serra, 104 Conn. 139, 142 (1926); Andrews v. Connecticut Light and Power Company, 23 Conn. Sup. 486
(1962).
When the extent of an easement is in controversy "[t]he law looks beyond the form of expression to the substance of the thing expressed, and gives effect to the intent of the parties thus discovered." Andrews at page 490. Town of Farmington v. Riley,88 Conn. 51, 56 (1914). Among those factors to be considered are the language used, the context, the object, purpose and nature of the reservation, as well as the facts and circumstances before the parties at the time of the making of the deed. Andrews at pages 90-91.
In Mackin v. Mackin, 186 Conn. 185, 189, the court stated:
 ". . . The language of the grant will be given its ordinary import in the absence of anything in the situation or surrounding circumstances which indicates a contrary intent. . . . Any ambiguity in the instrument creating an easement, in a case of reasonable doubt, will be construed in favor of the grantee."
 In Black's Law Dictionary, an "improvement" is defined as:
 "[a] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement of waste, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes."
In Masterson v. Atherton, 149 Conn. 302, 312 (1962), the court stated that "[a]n improvement changes, supposedly for the better, the original condition." The evidence indicates clearly what the parties intended with respect to the conveyance and reservation of rights in the six foot wide parcel of land. Having been thwarted in the original plan to convey property extending only one foot beyond the restaurant building, the parties fashioned a new arrangement which enabled the defendant to retain use of the six foot driveway while permitting the subdivision and the conveyance to take place under the land use regulations. Thus, plaintiff acquired an extra six feet of land, at no additional cost, with the defendant reserving his right of way over it "for any and all purposes".
There was to be, however, a provision for both limitation and CT Page 269 termination of the right of way. Limitation would occur in the event that buildings or other improvements were constructed on the rear land with new access provided, and termination would occur if the existing "wood frame structure" should be "razed or removed", thus making it unnecessary for the six foot driveway to exist in its present place.
It is true that, under a strict interpretation of law, the proposed development of the rear land constitutes an "improvement" as that term is customarily defined. It is also true that defendant has provided partial access to the property as a whole and the rear parking area, in particular, in an area other than the existing easement. Defendant has chosen to designate this an "ingress only" driveway with the existing easement providing the egress.
It is apparent that the development of the rear lot is fully subsidiary to the use of the structures on the property, both the "wood frame structure" and the second building designated #571 on the development map.
The only restrictions pertaining to the easement concern improvements on the rear lot. There are no restrictions relating to further development of the second building on the property or to expanded use of the "wood frame structure". It is obvious that the parties were concerned primarily about limiting the right of way in the event of development of the rear land, in a manner that that would increase the use of the easement beyond that existing at the time of conveyance.
The conditions required in order to terminate the easement have not occurred. Termination would occur only if the "wood frame structure" were to become non-existent so that the six foot driveway would no longer need to be confined to its present place. Plaintiff's arguments are unavailing that the expansion and enclosure of the existing exterior walls constitute a de facto "razing and removal". The court does not so interpret the parties' intent as expressed in the easement reservation language.
The easement will continue to exist under the proposed plan and will not be terminated. Regardless of the status of the rear land, the right of way may be used fully and for all purposes by occupants of the "wood frame structure." Further, since the rear land is being developed for use as a parking area only, the improvements there concern the quality and definition of the parking area, rather than constituting a change in the use of the rear land. Because that use is a secondary use, it is not logical to conclude that such "improvements" were the type contemplated by the parties to bring into play the easement limitation. CT Page 270
Since occupants of the structure have the right to use the easement, to construe such use to include ingress to or egress from the parking area is reasonable and consistent with the parties' intention and purpose.
Since there is no restriction on the use of the easement pertaining to use by occupants of the second building on the property (who, presumably, may also use the parking area) the court will find no such restriction on use of the parking area on that account.
It is noteworthy that, had defendant been permitted under the land use regulations, to convey plaintiff's property as originally contemplated, extending only one foot beyond the restaurant, the defendant would have enjoyed unrestricted use of the six foot wide area. The court concludes, in interpreting the easement restrictions, that the parties intended to allow defendant to retain virtually unrestricted use subject only to development of the rear land in a manner that, itself, would change the use of the easement.
The court concludes from an interpretation of the easement language, viewed in the context of the parties' intent ascertained from the circumstances and purposes surrounding the conveyance, that defendant's proposed plan does not produce a limitation or termination of the existing easement.
Accordingly, the court orders as follows by way of declaratory relief:
1. The defendant's easement and right of way reserved by deed dated on or about March 23, 1982, over land of the plaintiff, which is currently properly used by defendant, shall not be limited or terminated by the use and development proposed in "Site Plan for Downtown Apartment Complex" dated October 25, 1989 and approved on January 8, 1990 by the Wallingford Planning and Zoning Commission.
BARRY R. SCHALLER, Judge