[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Alter Janenda for plaintiff.
Schwebel, Burke, Hall, Pigeon Gnutti for defendant.
The plaintiff appeals from a decision of the Coventry Zoning Board of Appeals (ZBA) denying an application for a special permit, filed pursuant to the Coventry zoning regulations, to build a single family residence on a non-conforming lot.
On November 16, 1993, a public hearing was held on the application. The ZBA denied the application citing the following reasons:
1. This is an environmentally sensitive area. CT Page 11117
 2. It also appears that to approve the lot would be against the spirit of previous D.E.P. recommendations.
 3. Approval of this lot would possibly be or probably be counter to an agreement between the State and the Town.
 4. The approval would have adverse environmental impact and otherwise on the surrounding areas.
 Aggrievement
The Court finds the plaintiff is the owner of the subject property and the applicant for the special permit. Accordingly the plaintiff is found to be aggrieved.
Discussion
In the town of Coventry special permits are granted pursuant to the requirements of Section 4 and Section 14.6 of the zoning regulations. Section 14.6.1 provides that the ZBA may grant a special permit in accordance with the provisions of Section 4 for the construction of a new home on a non-conforming lot, and upon a finding that the applicant complies with § 14.6.2 and all other applicable zoning regulations. Section 14.6.2 contains the requirement for septic systems and is not relevant to this application because the lot in question is served by a sewer line and the Water Pollution Control Authority approved a hook-up into the municipal sewer system.
In this case the plaintiff's site plan complied with the regulatory requirements for special exceptions including water, sewers, wetlands, set backs and separating distances.
The defendant argues that Section 2.2.1 of the regulations provides that the intent and purpose of Section 2.2 and the LZ-40 zone (the property is located in an LZ-40 zone) is to protect public health and welfare by preventing further overdevelopment in the Lake Basin which has overtaxed health facilities i.e., septic systems and water supplies; to prevent further environmental and ecological deterioration of Lake Wangumbaug and its Basin; to lessen congestion in substandard preexisting streets; to regulate development in an environmentally sensitive area; to preserve and conserve natural resources and amenities in the Lake Basin; and to facilitate the adequate provision of transportation, water sewerage disposal, drainage and open space. CT Page 11118
The defendant claims that the ZBA has discretion to determine whether the general standards in the regulations have been met in the special permit process, citing Barberino Realty DevelopmentCorp. v. P Z, 222 Conn. 607 (1992), and Whisper Wind DevelopmentCorp. v. P Z, 229 Conn. 176 (1994).
The Court has reviewed the record to determine if it reasonably supports the conclusions reached by the ZBA, Farringtonv. ZBA, 186 Conn. 190 (1979), Calandro v. Zoning Commission,176 Conn. 439, 440 (1979). Although the Court accepts that the ZBA has discretionary authority to consider general considerations of its zoning regulations in its determination to grant or deny a special exception, the Court does not find the decision to be reasonably supported by the record, as hereinafter discussed.
The fact that the property is in an environmentally sensitive area does not, per se, bar the special permit. Although the regulations state the zone is intended to prevent further overdevelopment by overtaxed septic systems and water supplies, there can be no such overtaxing of the septic system since the lot will be serviced by municipal sewers. There is nothing in the record to indicate detriment to the water supply. In addition, the zoning regulations specifically allow the construction of a single family dwelling on a non-conforming lot, by special exception as long as there is sufficient contiguous land to comply with the minimum requirements of the regulations (§ 14.1.2 Coventry Zoning Regulations). The application in this case meets the land requirements. There is nothing in the record to reflect any adverse environmental impact. Although one or more of the neighbors complained that they did not need any more development in the area, the ZBA did not state that was a concern, and since the setbacks and sideline distance satisfied the regulations, the Court cannot conclude that reason to be reasonably supported by the record.
The second stated reason — that approval would be against the spirit of previous D.E.P. recommendations — is not supported by anything in the record. Significantly, counsel does not allude to anything in the record to support that reason. The W.P.C.A. is the agency delegated to enforce the D.E.P. standards (Exhibit E-4), and that authority approved the sewer proposal.
The third stated reason — approval could be counter to an agreement between the state and the town is likewise neither CT Page 11119 alluded to by counsel for the defendant, nor is there anything in the record to support this vague and general statement.
Lastly, the claimed adverse environmental impact and otherwise was discussed above. The term "otherwise" is simply too vague to be credited as a valid reason for denial.
In summary, the proposal met the zoning regulations requirements for a special exception. There is nothing in the record to support a conclusion of adverse impact to the lake nearby or to the surrounding environment. The required soil erosion control and drainage requirements were satisfied. Concerns of septic effluent cannot be a factor because of municipal sewer service.
The facts of this case are readily distinguishable from theWhisper Wind case cited by the defendant. In that case there were enumerated and specific concerns addressed by the zoning authority. These concerns focused on the traffic hazard to be created by a proposed heavily used gravel bank operations.
In the present case, the applicant proposes to build a residence and a use consistent with the general development within the area, and the general claim of adverse environmental impact is not substantiated.
The Court concludes that the defendant's decision was arbitrary, not in accord with the law and an abuse of discretion.
The appeal is sustained. The defendant is ordered to grant the plaintiff's request for a special permit.
Klaczak, J.