[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action concerning rights of defendant Bruce Wroblewski to use a certain easement which is a right-of-way over property of plaintiffs Joseph Miskin and Eleanor Miskin (now deceased). In the complaint plaintiffs have sought to enjoin defendant from encumbering the easement. However, the parties subsequently agreed that Judgment may enter for the plaintiffs on the complaint, and they thereafter proceeded to trial on defendant's amended counterclaim dated April 7, 1997.
In his counterclaim Wroblewski seeks a declaratory judgment and/or injunctive relief determining that a certain right-of-way known as "Old Dirt Farm Road" over property of plaintiffs Joseph and Eleanor Miskin ("Miskin") may be utilized for placement of underground utilities including water, electricity, cable television, sewer or telephone, for the benefit of Wroblewski's property. The Miskins claim that Wroblewski has no right to use the right-of-way known as "Old Dirt Farm Road" in such a manner and that said use is violative of the Miskins' property rights.
A trial to the Court was held on May 13, 1997. The Court finds the following:
The parcels of real estate at issue in this case, i.e. the Miskin property and the Wroblewski property located in Suffield, Connecticut were derived from a common owner, John Barnett. In 1943 Barnett conveyed the property now owned by Wroblewski to May F. Sperry. (Joint Ex. 6). In 1975 Sperry conveyed said property to Charles H. MacIntyre. (Joint Ex. 5). In 1977 MacIntyre conveyed said property to Marietta Wroblewski. (Joint Ex. 4). In 1993 Marie Wroblewski conveyed said property to Bruce Wroblewski, (Joint Ex. 3). Each of the deeds showing these conveyances states that the property is bounded east by "a right-of-way." Said right-of-way is now known as Old Dirt Farm Road. CT Page 8745
The Wroblewski property is located approximately 200 feet south of a public highway known as Mountain Road. It has been inaccessible, except over said right-of-way, since 1943 and is not currently serviced by electricity, cable television, sewer, telephone or a septic system. These services are what Wroblewski is seeking to obtain.
In 1977 the Miskins acquired a portion of John Barnett's original property from Elzear Roy Construction Co., Inc. (Joint Exhibit 2). It provides: "Said premises are subject to a right-of-way 10 feet in width shown as `Old Dirt Farm Road.'" Joint Exhibit 14 is the map indicated on said deed. The map shows that the Miskins now own property on the east and west sides of Old Dirt Farm Road, and that Wroblewski's property is approximately 200 feet south of a public highway (Route 190) and to the west of Old Dirt Farm Road.
The sole issue before the Court is whether Wroblewski should be allowed or prohibited from installing utilities in the area of the right-of-way. He seeks to have the utilities installed underground, and alleges that in order for him and his family to fully use and enjoy his land "it is necessary that the right-of-way over the Miskin property be utilized for the placement of the aforementioned utilities." Wroblewski has utilized his property as a year-round residence for many years. His mother who has health problems wishes to live there the rest of her life with Wroblewski's brother. She needs such utilities for safe and comfortable living.
The deed from Elzear Roy Construction Co., Inc. to the Miskins speaks of a right-of-way but fails to address to whom such right-of-way favors. It states: "Said premises are subject to a right-of-way 10 feet in width." In such a case, the court should look to the situation of the property, and the surrounding circumstances in order to determine the character and extent of the easement. Mackin v. Mackin, 186 Conn. 185 (1982). In the instant case, an examination of the various deeds produces no evidence of the intent of the creators of the easement.
The Miskins agree that Wroblewski has the right of ingress and egress to access and service his land-locked property. Such access has occurred for the last 60 years. In fact, Wroblewski over the years has transported utility-type services to his property over Old Dirt Farm Road. The question before the Court now is whether Wroblewski may expand the easement by installing CT Page 8746 underground utilities.
Because Wroblewski seeks a declaration that the installation of utility and other service lines under the right-of-way would be a permissible use of the easement, it was his burden to persuade the court that the installation of the utility and other lines (1) is reasonably necessary for the continued enjoyment of the right-of-way, and (2) will not unreasonably burden Miskin's property. Somers v. LeVassear, 230 Conn. 560, 567 citing Kuras v.Kuras, 205 Conn. 332, 344 (1987). The Court finds that Wroblewski has met his burden.
After hearing all the evidence the Court finds that the installation of utility lines under the right-of-way is a permissible use of the easement. Such installation is reasonably necessary for the continued enjoyment of the right-of-way. Further, the Court finds that such installation will not unreasonably burden Miskin's property. The court has balanced Wroblewski's rights to make reasonable improvements necessary for his family's continued enjoyment of the right-of-way against the Miskin interest in avoiding undue additional burdens to his property. Somers v. Levasseur, at page 570. Miskin's only concern is that such installation might increase traffic if Wroblewski decided to sell his property to a buyer with children. The Court does not believe this concern, which is speculative at best, should outweigh Wroblewski's desire to make reasonable use of the right-of-way.
Accordingly, judgment may enter for the plaintiffs on their complaint and for defendant Bruce Wroblewski on the counterclaim, as follows:
The right-of-way known as "Old Dirt Farm Road" over the Miskin property may be utilized for the placement of underground utilities including water, electricity, cable television, sewer, or telephone for the benefit of Wroblewski's property once the proper permits are received by him, and plaintiffs Miskin are enjoined from prohibiting such utilization.
Frances Allen, J. Judge Trial Referee