[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION IN PLAINTIFFS' REQUEST MOTION FOR AN AWARD OF ATTORNEYS' FEES, DATED DECEMBER 11, 2002
It has been established that the plaintiffs' rights have been actually interfered with; therefore an award of damages is warranted. See "Expressway Associates II v. Friendly Ice Cream Corporation,"22 Conn. App. 124, 131 (1990).
In their "Verified Complaint" dated September 21, 2001, the plaintiffs seek "Civil penalties and all costs, fees and expenses, including reasonable attorney's fees incurred by the plaintiffs in connection with this action; and any other relief; legal or equitable, that the Court deems appropriate."
In an injunction, action which included a claim for damages, our Supreme Court held that:
 Punitive damages, applying the rule in this state as to torts are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights.
Collens v. New Canaan Water Co. 155 Conn. 477, 489 (1967).
This court has found the defendant in contempt for a wilful disregard for the rights of the defendants as specified in the temporary injunction entered by the court on October 29, 2001. (Finding of Contempt, 7/25/02)
 It is well settled, as the trial court noted, that it is the responsibility of the trier of fact to award common law punitive damages for intentional torts.
Larsen Chelsey, Realty Co. v. Larsen, 232 Conn. 480, 517 (1990).
Under Connecticut common law, the term "punitive CT Page 16414 damages" refers to the expenses of bringing the legal action, including attorney's fees, less taxable costs.
Footnote 38, Larsen Chelsey, supra.
The court awards the plaintiff's $6,000 for the expenses of bringing this action, including attorney's fees, and excluding taxable costs.
___________________ Walsh, J. CT Page 16415