[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUN OF DECISION
The plaintiffs have petitioned for temporary and permanent injunctions restraining the defendants from prohibiting, restricting or otherwise interfering with their access to a certain parking and driveway easement across a portion of the property owned by defendant, Santopietro, and occupied as a leasehold, by defendant, Paolino. This court held a trial during the course of which the parties agreed that the court could rule on the application for a permanent injunction.
When the plaintiff purchased the church property at 1425 Thomaston Avenue, Waterbury from Santopietro in 1986, Santopietro had been operating a catering facility where the church now exists. Santopietro testified that he would average 250 to 300 people nightly and that his customers parked their cars in the disputed area. At the time of the purchase, the grantor deeded a "Parking And Driveway Easement" providing:
 "Within said easement area more particularly described above, the Grantee its members, their families, their guests and invitees, shall have the right to pass over on foot and by motor vehicle for the purpose of traveling from Thomaston Avenue to other land of the Grantee . . . as well as the right to park motor vehicles thereon. . . ."
 "The Grantors shall not take any actions pertaining to the aforesaid easement area which will interfere with the Grantee's rights hereunder."
 "The Grantors herein reserve the right to themselves, their heirs, executors, administrators, successors and assigns, to continue to use the land within which the aforesaid easement has been granted for any uses and purposes which shall not in any way interfere with the use thereof by the Grantee, its successors and assigns, in fulfilling the purposes for which this easement is granted."
The easement property, known as Nos. 1253 and 1269 Thomaston Avenue, consists of two contiguous parcels which abut the church property on the north. Access to the easement area is from Thomaston Avenue and the driveway is about sixty feet wide. There is parking for about twenty-six cars on the easement property. There is also parking on church property. CT Page 8712 Although there is access from Thomaston Avenue directly onto the church property, the church used it for egress only. According to the plaintiff, the state requested it to use the front of the church property for exiting only. Plaintiff testified, undisputedly, that it had always used the easement drive for entrance to the church property. The church since blocked off access to Thomaston Avenue from the front of its property because, it claimed, the state required it to do so.
The plaintiffs utilize their facility four times a week. Occasionally there is a wedding. The plaintiff church has about two hundred members. The easement is necessary for the church to provide access for its members to the parking areas, both on its own property and on the easement property. The easement driveway is the only access for dumpster trucks to service the church.
During the year of 1997, Defendant Santopietro entered into a lease/option agreement of 1263 and 1269 Thomaston Avenue with Defendant Robert Paolino. On or about May, 2001, Paolino began to interfere with the Plaintiff's easement rights by erecting rope barriers, placing placards or "flyers" on car windows of church members during services, be digging holes and placing posts therein, by calling the plaintiff's pastor and leaving a harassing message and by entering into an agreement with Marcel Rodriguez, d/b/a Marcels Automotive, LLC, allowing the latter to store up to thirty cars in the paved and unpaved portions of the easement area.
The plaintiffs seek a permanent injunction ordering the defendants to cease, desist and refrain from restricting the access of the plaintiffs to the easement area and from restricting access of the plaintiffs to their property at 1425 Thomaston Avenue. In order for the plaintiffs to prevail, they must show that there is no adequate remedy at law to address the actions of the defendants and that they will suffer irreparable injury absent injunctive relief. Dimeglio, et al. v. Renshaw, CV96-0054578S, Sferrazza, J. (January 16, 1997) citing Griffin Hospitalv. Commission on Hospitals and Health Care, 196 Conn. 451, 456-458
(1958)
The granting of an injunction rests within the sound discretion of the trial court and "[i]n exercising its discretion, the court . . . may consider and balance the injury complained of with that which will result from interference by injunction." Moore v. Serafin, 163 Conn. 1, 6
(1972); Henning, et al. v. Romeo, et al., FA96-0070932, Walsh, J. (December 4, 1997), "It is well established that a right-of-way granted in general terms may be used for any purpose reasonably necessary for the party entitled to use it. . . . Moreover, the issue of what constitutes reasonable use `is a question of fact to be determined on a case by case CT Page 8713 basis, considering all the relevant circumstances, including such factors as the amount of harm caused, its forseeability, the purpose or motive with which the act was done, and the consideration of whether the utility of the use of the land outweighed the gravity of the harm resulting.'"Hagist v. Washburn, 16 Conn. App. 83, 86 (1988).
The right-of-way granted to the plaintiffs is a right-of-way "to pass over on foot and by motor vehicle for the purpose of traveling from Thomaston Avenue . . . as well as the right to park motor vehicles thereon." These words contemplate regular use by the plaintiffs. In addition to the language incorporated in the deed, the court must consider it "with reference to the situation of the property and the surrounding circumstances in order to ascertain the intention of the parties." Hagist at 87. There is no ambiguity in language of the easement.
The defendant's actions in roping off the contested area and Paolino's harassment constitute an impairment of the plaintiffs' right of way and parking easement. An injunction is the proper remedy to stop an unreasonable interference with an owner's use and enjoyment of an easement. Gerald Park Improvement Association v. Bini, 138 Conn. 232, 236
(1951).
But the defendant also has a right to use the parking area for his personal and business use. "`The law is settled that the obligation of the owner of the servient estate, as regards an easement, is not to maintain it, but to refrain from doing or suffering something to be done which results in an improvement of it.'" Kelly v. Ivler, 187 Conn. 31, 45
(1982). Paolino may not rent out spaces to others allowing them to park vehicles in the contested area. Hence the defendant may not continue to allow Marcell to park towed vehicles upon or in any portion of the easement area.
The court finds that Paolino is entitled to unrestricted use of twelve spaces for his personal and business usages, including his tenants. The plaintiff may not block off or interfere with that usage. Likewise the defendant may not interfere with the plaintiff's use and enjoyment of the parking area and is enjoined from erecting barriers, placing signs, letters or placards on cars belonging to the plaintiff's congregants or calling or writing the plaintiff's pastor, office staff or members. It is suggested that the twelve spaces to be reserved for Paolino, his tenants and business invitees be readily designated so that the plaintiff will not occupy same. CT Page 8714
By The Court
 ___________________ J. SCHEINBLUM