SALVATORE D. RUSSO ET AL. *v.* FLORENCE STEPP
(2358)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued February 28—decision released May 22, 1984

*James M. Ullman,* with whom, on the brief, was *John R. Donovan,* for the appellant (defendant).

*Thomas F. Noonan,* with whom, on the brief, was *Antoinette E. Grenier,* for the appellees (plaintiffs).

PER CURIAM. The defendant acquired by deed a right to use a portion of the plaintiffs' adjoining land as a common driveway. The plaintiffs brought this action for injunctive relief restraining the defendant from obstructing the driveway, prohibiting the defendant from parking motor vehicles upon the driveway and restraining her from interfering with the plaintiffs' use of the driveway. The plaintiffs also sought contribution from the defendant for the necessary care and maintenance of the common driveway. The case was submitted to a state referee who rendered judgment for the plaintiffs from which the defendant appealed[1] to this court.

The plaintiffs and the defendant own adjoining parcels of land on Liberty Street in Meriden. In 1951, the then owner of both parcels deeded the lot now owned by the defendant to her predecessor in title. That deed granted an easement over a portion of an existing driveway on the east side of the remainder of the grantors' tract, in the following language: "Together with the right to pass and repass in, over and upon for purposes of ingress and egress and to use for general driveway purposes that portion of . . . other land of the grantors immediately adjacent to the westerly boundaries of the premises herein conveyed over which a

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

driveway now runs." The plaintiffs obtained title to their lot in 1978 subject to that easement. It was conceded that the easement is twelve feet wide and 124.56 feet deep from Liberty Street and, further, that the easement does not extend the full length of the driveway. From 1978 until a temporary injunction was issued in 1979, the defendant persisted in parking motor vehicles wholly or in part upon the driveway. The use of the driveway for such purpose is the principal question on this appeal.

The answer depends upon the construction to be given to the language in the deed used to create the easement. It is not always easy to determine what was intended by the parties. The language employed is not the only criterion. The language used therefore must be considered with reference to the situation of the property and the surrounding circumstances in order to ascertain the intention of the parties. *Mackin* v. *Mackin,* 186 Conn. 185, 189, 439 A.2d 1086 (1982).

From the terms of the deed and from the surrounding circumstances it is plain that the defendant did not acquire a right to obstruct the driveway or to permit motor vehicles to park in the driveway so as to interfere with its use by the plaintiffs. The driveway is situated on a steep downhill grade from the plaintiffs' property to the street and is only eighteen feet wide.[2] These physical characteristics make ingress and egress inherently dangerous when vehicles are parked on any portion of the easement and there was evidence that on several occasions vehicles of the plaintiffs, in attempting to back out of the driveway, have collided with vehicles parked within the easement. We agree with the ultimate conclusion of the referee that the defendant has no right to park motor vehicles in the driveway, except for temporary purposes, "such as

[2] The driveway was widened in 1967 to eighteen feet.

pick-up or delivery of passengers or goods," within the true intent of the deed creating the easement.

The reasoning of *Center Drive-In Theatre, Inc.* v. *Derby,* 166 Conn. 460, 465, 352 A. 2d 304 (1974), and *Early* v. *Hall,* 89 Conn. 606, 611, 95 A. 2 (1915), fully support the award of damages here.

The other questions raised on this appeal are questions of fact and therefore cannot be retried by this court.

There is no error.