## DELIGHT A. HAGIST ET AL. *v.* PHILLIP F. WASHBURN ET AL.
### (5905)

BORDEN, STOUGHTON and FOTI, Js.

Argued May 18—decision released September 6, 1988

*Kimberly A. Knox,* with whom was *Susan M. Cormier,* for the appellants (defendants).

*John C. Dunham,* for the appellee (named plaintiff).

STOUGHTON, J. This is an appeal by the defendants from a judgment ordering the defendants, their successors and assigns, to refrain from interfering with or obstructing the plaintiff's[1] use and enjoyment of a

---

[1] There were initially two plaintiffs, Delight A. Hagist and Maureen H. Flynn. The action was subsequently withdrawn as to Maureen H. Flynn. As used in this opinion, the term plaintiff refers to the named plaintiff.

right-of-way over the defendants' property. The defendants claim that the court erred (1) in holding that the plaintiff has a right to park vehicles on the easement and enjoining the defendants from doing the same, and (2) in refusing to define the exact boundaries of the easement. We find no error.

The complaint alleged that the plaintiff has owned and possessed certain property in Southington since June 6, 1956, that she had a right-of-way over land owned by the defendants which is described in their deed and in the deeds of the defendants' predecessors in title, and that the defendants have interfered with the use and enjoyment by the plaintiff of her right-of-way and thereby caused her irreparable injury.

The trial court had before it as exhibits the deeds which established the claim to title in the parties. The court found that the defendants' property is at 51 Oak Street and that the plaintiff's property is at 53 Oak Street. The plaintiff's property is to the east and to the rear of 51 Oak Street and does not border any street. Furthermore, it was found that both properties were owned by Bruce C. and Judith B. Bennison in 1969. The plaintiff's property, 53 Oak Street, was conveyed by the Bennisons together with the right-of-way as it is described in her deed. The defendants' property, 51 Oak Street, was conveyed by the Bennisons subject to the right of passway for persons and residents of 53 Oak Street. This right-of-way is described in the deeds conveying the dominant estate, which is the property owned by the plaintiff, and the description shows that it runs 52.35 feet along its northerly side from Oak Street to the plaintiff's property and that it is 9.2 feet in width.

The following facts were also found by the trial court and are not in dispute. The plaintiff and Maureen H. Flynn acquired the property at 53 Oak Street, Southington,

on June 15, 1976, by warranty deed. The deed contained a right-of-way as follows: "Together with a right of way by foot and vehicle, over, upon and across a certain strip of land located westerly of the westerly line of the hereinabove described property, and being bounded and described as follows: . . . Said right-of-way crossing property conveyed on November 14, 1969, by Bruce C. and Judith B. Bennison to Felice C. Palazzo and Grazia C. Palazzo." On June 29, 1978, the defendants acquired their adjoining property by warranty deed from Michael Feola. The deed contained no mention of the right-of-way, although it was discernible in their chain of title. The plaintiff used the right-of-way for parking overnight from the time she bought the property in 1976 until April, 1983, when the defendants interfered with her use by blocking it.

The trial court concluded that the defendants were impairing the use by the plaintiff of the right-of-way by parking vehicles on the entrance end of the westerly or street side of the right-of-way, thus preventing access to it and forcing the plaintiff to park in the street. The court concluded that the rights of the plaintiff include the right to park in the right-of-way. It ordered the defendants to desist and refrain from parking any vehicles in the area of the right-of-way located on the northerly side of their premises at 51 Oak Street, and from interfering with the right of the plaintiff to park her vehicle on the easterly most point of the right-of-way, and from otherwise obstructing or interfering with the plaintiff's use or enjoyment of ingress or egress over the right-of-way.

I

THE RIGHT TO PARK VEHICLES ON THE EASEMENT

The defendants maintain that the trial court erred in that it incorrectly expanded the plaintiff's right-of-way when it determined that the plaintiff has a right

to park her vehicle thereon. They argue that this case involves a proposed use different from and in addition to the right of ingress and egress, and that nothing in the language of the deed granting the right-of-way justifies the expansion. We disagree.

It is well established that a right-of-way granted in general terms may be used for any purpose reasonably necessary for the party entitled to use it. *Mackin* v. *Mackin,* 186 Conn. 185, 189, 439 A.2d 1086 (1982); *Peck* v. *Mackowsky,* 85 Conn. 190, 194, 82 A. 199 (1912). Moreover, the issue of what constitutes reasonable use "is a question of fact to be determined on a case by case basis, considering all the relevant circumstances, including such factors as the amount of harm caused, its foreseeability, the purpose or motive with which the act was done, and the consideration of whether the utility of the use of the land outweighed the gravity of the harm resulting." *Peterson* v. *Oxford,* 189 Conn. 740, 745, 459 A.2d 100 (1983); *Litchteig* v. *Churinetz,* 9 Conn. App. 406, 409–10, 519 A.2d 299 (1986).

The right-of-way granted to the plaintiff is a right-of-way "by foot *or vehicle,* over, upon and across" (emphasis added) the defendants' property. These words contemplate the regular use of a vehicle by the plaintiff. It is beyond dispute that if the defendants utilize the driveway to park their car, the plaintiff could not cross over the driveway by vehicle and this would constitute an interference with the plaintiff's right-of-way. Even in the most unlikely event that the defendants proved themselves willing to cooperate instantly and move their car or cars upon the plaintiff's arrival, it would still be tremendously burdensome for the plaintiff to sit in her car while this was accomplished.

Since it is clear that the defendants may not use the easement as a driveway in a manner consistent with the plaintiff's easement, the question to be resolved is

whether the plaintiff may park on part of the driveway without overburdening the easement and interfering with the defendants' legitimate use thereof. We find that she may.

In *Russo* v. *Stepp,* 2 Conn. App. 4, 5–6, 475 A.2d 331 (1984), we addressed the question of whether the owners of a dominant estate could park their vehicles in whole or in part upon a driveway over which they had the right "to pass and repass in, over and upon for purposes of ingress and egress and to use for general driveway purposes that portion of . . . other land of grantors immediately adjacent to the westerly boundaries of the premises herein conveyed over which a driveway now runs." We reiterated in that case that the language used in the deed is not the only criterion in the analysis and it "must be considered with reference *to the situation of the property and the surrounding circumstances* in order to ascertain the intention of the parties." (Emphasis added.) Id., 6. We concluded that from the terms of the deed and the surrounding circumstances it was clear that the defendant, the owner of the adjoining dominant estate, did not acquire a right to obstruct the driveway which was situated between both parties' houses. Nor did it permit them to allow the motor vehicles to be parked in the driveway so as to interfere with its use by the owners of the servient estate. Of critical importance there was the fact that the width and steep grade of the easement rendered its use by the plaintiffs dangerous if vehicles were parked within it by the defendant.

We apply a similar analysis to the situation before us, but reach a different result. Unlike the facts of *Russo* v. *Stepp,* supra, the plaintiff's property is to the rear of the driveway in question, which is approximately nine feet wide. There are no physical characteristics which would render the use of the easement dangerous if the plaintiff were to park her vehicle

within it. Moreover, it would be impossible for the plaintiff to exercise her right-of-way by vehicle if the defendants parked there regardless of whether the plaintiff is allowed to park or not. Furthermore, the defendants have another driveway on the opposite side of their house which is not and has never been subject to any easement. These factors, taken with the language of deed which expressly contemplates the plaintiff's use of a vehicle in the right-of-way, lead us to conclude that the trial court was correct when it determined that the plaintiff has the right to park over a portion of the defendants' property under the grant in the deed. To hold otherwise would mean that the driveway could not be used to park any cars and exists only for the use of vehicles making deliveries to the plaintiff's house.

We note that several courts have considered the question of whether "driveway easements" or "right-of-way for ingress and egress" allow for parking on the burdened land by the owner of the dominant estate. See annot., 37 A.L.R.2d 944. Courts generally have construed such easements to allow this provided that the vehicles are not parked in such a manner as to interfere with the use of the property by the owner of the servient estate. Id., 946–47; *State* v. *Larason,* 75 Ohio L. Abs. 211, 213, 143 N.E.2d 502 (1956).

It cannot be argued seriously that the encroachment upon several feet of the defendants' land by the plaintiff's vehicle interferes with the defendants' use of their property. As we have found earlier, the defendants may not park there as it would interfere with the plaintiff's right-of-way. They are free, however, to utilize the land in any other manner which does not interfere with the plaintiff's right-of-way. Since such activities would necessarily be temporary, so they could cease upon the plaintiff's desire to drive up to her home, the encroachment of a portion of the plaintiff's car upon the driveway would not overburden the servient estate.

## II

### THE BOUNDARIES OF THE EASEMENT

The defendants' second claim is that the court erred by not defining the exact boundaries of the easement in that it is impossible for them to comply with the trial court's orders in the absence of a clear understanding of the dimensions of the right-of-way. They point to the fact that in addition to the description of the boundaries of the easement contained in the deed through which the defendants acquired title to their property from Ann Stanton, there was also a recorded map produced by the plaintiff that also purports to illustrate the right-of-way over the defendants' property. The defendants contend that there exists a discrepancy as to the right-of-way between the deed and the map.

After carefully reviewing the record, we conclude that the court clearly referred to the right-of-way as described in the deed, and made no mention of the right-of-way as delineated by the map. The map was introduced solely to give the trial court an indication of how the parties' lots are situated with respect to one another, and not for the purpose of defining the boundaries of the right-of-way. There is no ambiguity in the trial court's order.

There is no error.

In this opinion the other judges concurred.