ARLENE R. HALL ET AL. *v.* ANGELO ALTOMARI
(6969)
EMMA K. NAU ET AL. *v.* ARLENE R. HALL ET AL.
(6970)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued June 6—decision released August 15, 1989

*Robert M. Wechsler,* with whom, on the brief, was *Michael Jon Barbarula,* for the appellants (plaintiffs in the first case, defendants in the second case).

*M. Dean Montgomery,* for the appellee (defendant in the first case).

*Stephen L. Bishop,* with whom, on the brief, was *Bracken C. O'Neill,* for the appellees (plaintiffs in the second case).

DUPONT, C. J. These appeals, involving two cases that were consolidated for trial, concern the determination of the rights of various parties to a private road. Certain facts are common to both cases. Arlene R. Hall is the owner of a parcel of land located at 1022 Long Ridge Road in Stamford. Merrill Lynch Realty–Fairfield, Inc., leases the property from Hall for a real estate business of which Hall is the manager. She is also the owner of a fifty foot wide parcel of land, referred to by the pleadings as a private road, contiguous to the south boundary of the 1022 Long Ridge Road parcel. This road is subject to certain restrictions in favor of other parcels of land, and the interpreta-

tion of the language of those restrictions forms the basis for the dispute among the parties.

## HALL *v.* ALTOMARI

The defendant, Angelo Altomari, is the owner of a parcel of land located on the south side of the private road owned by the plaintiff Hall. The defendant's property, upon which there is a three-family residence and a parking lot, is a one acre interior parcel with no access to Long Ridge Road. The defendant testified that the three families living in the residence require five parking spaces.

The deeds to the defendant's property contain the following language relative to his rights to the plaintiff's private road: "Together with a right of way in common with others for all lawful purposes to and from said premises to Long Ridge Road over and across the private road fifty (50) feet in width as shown on said map bordering said premises to the north."

The plaintiffs'[1] complaint alleged that the defendant and his tenants were parking as many as five cars on the private road without permission and further alleged that the business of the plaintiff Merrill Lynch Realty-Fairfield, Inc., was being harmed by the defendant's use of the private road for parking. The complaint sought, inter alia, a temporary and permanent injunction restraining the defendant and his tenants from parking on the private road.

The defendant sought, by way of counterclaim, damages for the obstruction and interference with his alleged right-of-way over the road. The counterclaim necessitated a determination as to whether the plaintiffs had obstructed the defendant's right to use the private road by allowing parking on it and, in addition,

---

[1] The plaintiffs are Arlene R. Hall and Merrill Lynch Realty-Fairfield, Inc.

whether the defendant had acquired certain rights by adverse possession to park on the plaintiffs' road.

The attorney state trial referee found that the actual traveled portion of the fifty foot wide road was sixteen feet and recommended that both parties be enjoined from obstructing the sixteen foot traveled portion of the road. In addition, the referee concluded that the defendant had not obtained any right to park on the road by adverse possession, but that the defendant's deeds granted the right to park on the private road. Accordingly, the referee denied the plaintiffs' request for an injunction restraining the defendant from parking on the private road and recommended that all parties be permitted to use the untraveled portion of the road for parking.

The plaintiffs filed an objection to the acceptance of the state attorney trial referee's recommendation and, after a hearing, the trial court overruled the objection and rendered judgment in accordance with the recommendation. The plaintiffs appeal from that portion of the judgment granting to the defendant the right to use the untraveled portion of the private road for parking.

The plaintiffs contend that the attorney state trial referee erred in concluding that the defendant's deeds granted the right to park on the private road owned by the plaintiff Hall. The plaintiffs claim, rather, that the rights granted by the deeds relative to the road are limited to the rights of ingress to and egress from the defendant's interior parcel. We agree.

"For a determination of the character and extent of an easement created by deed we must look to the language of the deed, the situation of the property and the surrounding circumstances in order to ascertain the intention of the parties." *Mackin* v. *Mackin,* 186 Conn. 185, 189, 439 A.2d 1086 (1982). The determination of

the intent behind language in a deed presents a question of law on which our scope of review is plenary *Eis* v. *Meyer*, 17 Conn. App. 664, 667–68, 555 A.2d 994, cert. granted on other grounds, 211 Conn. 805, 559 A.2d 1139 (1989).

We conclude on the basis of the language of the deeds, the situation of the parties' properties and the surrounding circumstances that the defendant's rights with respect to the private road owned by the plaintiff Hall are limited to the rights of access to and egress from the defendant's property to Long Ridge Road and do not include the right to park.

"It is well established that a right-of-way granted in general terms may be used for any purpose reasonably necessary for the party entitled to use it." *Hagist* v. *Washburn*, 16 Conn. App. 83, 86, 546 A.2d 947 (1988). The issue of what constitutes reasonable use is a question of interpretation of the particular language used to create the right-of-way.

Unlike the right-of-way at issue in *Hagist,* the right-of-way at issue in the present case is not one granted in general terms. The defendant's deeds provide that he is entitled to a right-of-way for all lawful purposes "to and from said premises to Long Ridge Road over and across" the plaintiff Hall's private road. We interpret the phrase "to and from said premises to Long Ridge Road" in this case as words of limitation restricting the defendant's rights with respect to the private road to those of ingress and egress.

Even when a right-of-way is granted in broad language, the owner of the dominant estate does not acquire an absolute right to park vehicles on the subject property. See 25 Am. Jur. 2d, Easements and Licenses, § 79. "The language employed is not the only criterion." *Russo* v. *Stepp,* 2 Conn. App. 4, 6, 475 A.2d 331 (1984). Thus, in *Russo,* a right-of-way granted to

the defendant "for purposes of ingress and egress *and to use for general driveway purposes*"; (emphasis added) id., 5; was interpreted by this court not to include the right to park vehicles. This conclusion was based on the language of the grant, with consideration given to the situation of the property and the surrounding circumstances. Id.

The situation of the properties and the surrounding circumstances in the present case further support our conclusion that the rights granted by the defendant's deeds are limited to those of ingress and egress. The defendant's property has no frontage on Long Ridge Road. Thus, the physical relationship of the properties indicates that the intention of the grant of the right-of-way was to permit access to the defendant's interior lot over the private road, rather than to permit parking on the road. In addition, there was testimony that the defendant's property contains a large parking lot adequate to serve the parking needs of the three-family residence located on the defendant's property.

On the basis of the language of the deeds at issue and the surrounding circumstances, we conclude that the trial court erred in accepting that portion of the attorney state trial referee's recommendation permitting the defendant to park on the private road owned by the plaintiff Hall.

## NAU *v.* HALL

The plaintiffs, Emma Nau and Wendell Bishop, are the owners, individually and as trustees, of a parcel of land fronting on Long Ridge Road and abutting, on the southwest, the fifty foot wide private road owned by the defendant Arlene R. Hall. The plaintiffs have rights to the defendants' private road by reason of a deed reservation granting the right to use the private road "to and from Long Ridge Road, for the purpose of access." For some time prior to the commencement of

this action, the plaintiffs have been using the private road for access to the rear of their row of stores located on Long Ridge Road.

The plaintiffs brought suit against the defendants, Hall and Merrill Lynch Realty–Fairfield, Inc., alleging, in the first count of their revised complaint, that the plaintiffs have the right to travel over and across the private road, and that the defendants were blocking portions of the fifty foot wide private road, thereby violating the plaintiffs' rights to travel over the road. The second count of the plaintiffs' complaint alleged that the defendants had paved a portion of the plaintiffs' property. The complaint sought a temporary and permanent injunction restraining the defendants and their tenants, guests and invitees from obstructing the fifty foot wide road and damages for the paving of the plaintiffs' property.

As to count one, the attorney referee found that the traveled portion of the private road was sixteen feet in width and recommended that an injunction issue, restraining the defendants from interfering with the plaintiffs' access over a sixteen foot portion of the roadway. In addition, the referee concluded that the plaintiffs have the right to park on the untraveled portion of the roadway. As to count two, the referee recommended judgment in favor of the plaintiffs in the amount of $1559.29 because of the plaintiffs' "need, or desire" to have the paving, which was erroneously placed on the property, removed.

After overruling the defendants' objection to the acceptance of the referee's recommendation, the trial court rendered judgment in accordance with the recommendation. The defendants appeal, claiming that the trial court erred (1) in granting to the plaintiffs the right to park on the private road, and (2) in awarding damages to the plaintiffs.

The defendants' first claim is that the referee erred in granting to the plaintiffs the right to park on the untraveled portion of the private road when such relief was not sought by the plaintiffs in their revised complaint. We agree.

The first count of the plaintiffs' revised complaint alleged that the defendants were obstructing the private road and thereby interfering with the plaintiffs' right to use the entire fifty foot wide road as an access way. The issue at trial related only to the actual width of the right-of-way. Thus, the issue of the plaintiffs' right to park on the road was not raised by the pleadings or by the evidence at trial. The plaintiffs did not request any relief with respect to the right to park on the private road. The court therefore, erred in granting relief over and above that sought by the plaintiffs. *Phillips* v. *Palakewitz,* 17 Conn. App. 476, 480, 553 A.2d 1160 (1989); *Lichteig* v. *Churinetz,* 9 Conn. App. 406, 412, 519 A.2d 99 (1986). Furthermore, the language of the reservation and the circumstances of the parties would not lead to the conclusion that parking on the road was included.

The defendants also claim that the referee erred in awarding damages to the plaintiffs for the defendants' paving of the plaintiffs' property. The referee's finding, as adopted by the trial court, was that when the defendants improved a portion of the private road, they mistakenly paved a portion of the plaintiffs' property and that the plaintiffs had the blacktop removed at a cost of $1599.29. Accordingly, the referee recommended judgment against the defendants in the amount of $1599.29. The defendants claim that the trial court erred in awarding damages to the plaintiffs because the plaintiffs did not present any evidence of a diminution in the value of their property as a result of the paving.

" 'Some damage necessarily follows any wrongful invasion of another's property. . . .' *Patalano* v. *Chabot,* 139 Conn. 356, 362, 94 A.2d 15 (1952)." (Citations omitted.) *Kelly* v. *Ivler,* 187 Conn. 31, 45–46, 450 A.2d 817 (1982). An award of substantial damages, however, requires a showing of an actual, rather than a mere technical injury. *Mackin* v. *Mackin,* supra, 190.

The present case does not involve an extensive change to the realty or a significant risk of unreasonable economic waste. Compare *Spera* v. *Audiotape Corporation,* 1 Conn. App. 629, 474 A.2d 481 (1984). The cost of restoration here was relatively little and was impliedly found not to exceed the former value of the property, nor did the paving significantly enhance the value of the property over its value before the injury. See *Ratner* v. *Willametz,* 9 Conn. App. 565, 520 A.2d 621 (1987).

The referee found that the cost of restoring the property to its former condition, that is,. removal of the blacktop, amounted to $1559.20, and measured the damages by the cost of restoration or repairs. There was an implied finding that there was no extensive change to the realty. On this record, the measure of damages used was justified.

In *Hall* v. *Altomari,* there is error and that portion of the judgment granting the defendant the right to park on the right-of-way is set aside.

In *Nau* v. *Hall,* there is error as to the first count and that portion of the judgment granting the plaintiffs the right to park on the right-of-way is set aside; there is no error as to the second count.

In this opinion the other judges concurred.