# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**KEVIN J. MITCHELL**
Faegre Baker Daniels LLP
Fort Wayne, Indiana



**FILED**

Jun 26 2012, 9:08 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS and JEREMY COCHRAN, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1109-SC-00015 |
| | ) | |
| ZEROFFOS HOFFMAN and JOHN DYE, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Eugene A. Stewart, Judge
Cause No. 15D01-1103-SC-214

**June 26, 2012**

**OPINION - FOR PUBLICATION**

**BARTEAU, Senior Judge**

Dennis and Jeremy Cochran appeal the small claims court's judgment regarding the scope of an easement on the property of Zeroffos Hoffman.[1]

We affirm in part and reverse in part.

## ISSUES

Dennis and Jeremy raise two issues for our review, which we restate as:

I.      Whether the small claims court erred by concluding that the easement granted to Dennis and Sandy Cochran does not include a right to park within the easement.

II.     Whether the small claims court erred by not awarding damages to Jeremy.

## FACTS AND PROCEDURAL HISTORY

Dennis Cochran and his wife, Sandra, own a large tract of real estate ("the Cochran property") in Dearborn County, Indiana, on which they live. Dennis and Sandra's son, Jeremy, and his wife (collectively, "the Cochrans") also live on the Cochran property. Due to the Cochran property being landlocked, the Cochrans access their property via an easement across property owned by Hoffman ("the Hoffman property"). Over the years, the Cochrans have parked their vehicles on the easement. The easement is on a hill, so during inclement weather the Cochrans park on the easement because some of their vehicles cannot surmount the hill. In February 2011, John Dye, who lives on the Hoffman property, had the Cochrans' vehicle towed because it was, at least partially, parked on the Hoffman property outside of the easement.

---

[1] Paul Vinson is part owner of the property but is not a party to this litigation.

In March 2011, Hoffman and Dye filed this action against Dennis and Jeremy in small claims court. The Cochrans filed a counterclaim for damages for conversion as a result of their car being towed. Following a trial, the court entered judgment stating that the easement did not grant the Cochrans the right to park on the easement and that neither party was entitled to monetary damages against the other. In its order, the court found the following pertinent facts:

> 5. Defendants may have parked motor vehicles on the easement, partially on the easement, and on the real estate being purchased by Zeroffos Hoffman and Paul Vinson; the parking of cars as referenced above may have on occasion blocked Claimants' access to their real estate.

Appellants' App. p. 5. The court then concluded:

> 1. Defendants Dennis Cochran and Jeremy Cochran, as owners of the easement as described by the evidence, are limited to the purpose for which the easement was granted, that being ingress and egress, or as the language in Plaintiffs' Exhibit 2 states, "a right of way for the width of 16 feet for all purposes of travel"; such right of way does not grant Defendants the right to park on or block any portion of the easement.
>
> 2. Claimants shall not block or impair Defendants' use of the easement in question.

*Id.* at 6. Subsequently, Dennis and Jeremy filed a motion to correct error with the small claims court. The motion was deemed denied, and Dennis and Jeremy filed a notice of appeal.

## DISCUSSION AND DECISION

In entering its judgment, the small claims court issued findings of fact and conclusions of law. Our standard of review is well-settled: first, we determine whether

3

the evidence supports the findings and, second, whether the findings support the judgment. *S.C. Nestel, Inc. v. Future Constr., Inc.*, 836 N.E.2d 445, 449 (Ind. Ct. App. 2005). The trial court's findings and conclusions will be set aside only if they are clearly erroneous. *Id.* "Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them." *St. John Town Bd. v. Lambert*, 725 N.E.2d 507, 518 (Ind. Ct. App. 2000). Moreover, we will not reweigh the evidence or assess witness credibility. *S.C. Nestel, Inc.*, 836 N.E.2d at 449.

We note that Hoffman and Dye have not filed a brief with this Court. When an appellee fails to submit a brief, an appellant may prevail by making a prima facie case of error. *Ford v. Ford*, 953 N.E.2d 1137, 1142 (Ind. Ct. App. 2011). Prima facie error is error at first sight, on first appearance, or on the face of it. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Where an appellant is unable to show prima facie error, we will affirm. *Id.* This rule serves to protect this Court and to take from us the burden of controverting arguments advanced for reversal, a duty which remains with the appellee. *Ford*, 953 N.E.2d at 1142. Still, we are obligated to correctly apply the law to the facts in order to determine whether reversal is required. *Id.*

## I. SCOPE OF EASEMENT

Dennis and Jeremy argue that the small claims court erred by determining that their easement does not include the right to park. It has long been established that easements are limited to the purpose for which they are granted. *McCauley v. Harris*, 928 N.E.2d 309, 314 (Ind. Ct. App. 2010), *trans. denied*. The dominant estate owner

possesses all rights necessarily incident to the enjoyment of the easement. *Id.* The servient estate owner may use his property in any manner and for any purpose consistent with the enjoyment of the easement, and the dominant estate cannot interfere with the use. *Id.* It is the duty of the servient owner to permit the dominant owner to enjoy his easement without interference, and the owner of the dominant estate cannot subject the servient estate to extra burdens. *Id.*

When construing an instrument granting an easement, the trial court must ascertain and give effect to the intention of the parties, which is determined by proper construction of the language of the instrument from an examination of all the parts thereof. *Drees Co. v. Thompson*, 868 N.E.2d 32, 38 (Ind. Ct. App. 2007), *trans. denied.* Dennis and Jeremy contend that the grant of the easement is unambiguous, and we also find no ambiguity. Therefore, we interpret the grant of the easement as a matter of law, and we apply the plain and ordinary meaning of its language. *See McCauley*, 928 N.E.2d at 314. Any doubt as to the construction of the language of the easement will ordinarily be construed in favor of the grantee. *Id.* at 315.

The Cochrans acquired their right to the easement when they purchased the Cochran property. The easement was originally conveyed by Frank and Ellen Transier to Adam and Caroline Transier in 1896 and states as follows:

> A right of way of the width of Sixteen feet for all purposes of travel over land of said grantors situate in Dearborn County Indiana, and said way being particularly described as follows: to-wit: Beginning in the Southwest corner of the Northeast quarter of Section 9 Town 5, Range 3 West, and at the Southwest side of the new Highway ordered opened by the

5

> Board of Commissioners of said County at their December Session 1896 and at that point which is nearest to the mouth on the branch of the present private way of said Adam and Caroline Transier; thence in a straight line Southwestwardly to intersect the mouth and end on the Branch of said present private road of said Adam and Caroline Transier, said road to be and remain an open way and to be for the use of the land of said Adam and Caroline Transier and when said road shall be permanently abandoned if it ever is their said land to revert to the grantor, This right of way run with the land.

Plaintiffs' Ex. 2.

Here, we are presented with the grant of a "right of way of the width of Sixteen feet for all purposes of travel." This language clearly reflects the grantors' intent to create a general easement. The language does not limit the scope of the easement in any way. More particularly, the language does not limit the easement to ingress and egress, which has generally been found to prohibit parking. *See, e.g.*, *Kwolek v. Swickard*, 944 N.E.2d 564, 572 (Ind. Ct. App. 2011) (holding that language of instrument conferring "right-of-way over and across" and "intended to grant . . . an ingress and egress to their property" granted an easement specifically limited in its scope to ingress and egress and did not include the right to use the right-of-way to park vehicles), *trans. denied*. In contrast, the easement in the instant case was written in the general terms of a right of way. A right of way easement created by a conveyance in general terms and without restrictions on its use is to be construed as broad enough to permit any use that is reasonably connected with the reasonable use of the land. *McCauley*, 928 N.E.2d at 315 (citing 28A C.J.S. *Easements* § 198 (2008)); *see also Kwolek*, 944 N.E.2d at 573-74 (discussing case of Appellate Court of Connecticut, *Hagist v. Washburn*, 16 Conn. App.

6

83, 546 A.2d 947 (1988), where appellate court held that instrument was written in general terms and, as such, parking was not prohibited by general grant of right-of-way). Thus, where the easement is a general right of way, parking is not prohibited, and the small claims court erred by concluding that the right of way easement "for all purposes of travel" granted in favor of Dennis and Sandy does not include the right to park within the boundaries of the easement.

## II. DAMAGES

Jeremy also claims that the small claims court erred by not awarding him monetary damages for conversion[2] when Dye caused his car to be towed. However, Jeremy points to no evidence showing that his car was parked completely on the easement when it was towed. Rather, the testimony from the small claims trial indicates that the car was parked partially off the easement on Hoffman's land, and, as Jeremy concedes in his brief, "the location of the vehicle is critical" to this claim. Appellants' Br. p. 18. Jeremy has not fulfilled his burden of showing prima facie error; therefore, we must affirm the small claims court on this issue. *See Trinity*, 848 N.E.2d at 1068.

## CONCLUSION

Based upon the foregoing discussion and authorities, we conclude the small claims court erred in its determination that the grant of an easement did not include the right to park within the easement, and we reverse the decision of the small claims court as to that

---

[2] Jeremy cites Indiana Code section 34-24-3-1(1) and (2) (1998) in support of his argument.

issue. Further, we conclude that Jeremy failed to show error with regard to the award of damages, and we affirm the small claims court's decision not to award damages.

Affirmed in part and reversed in part.

MATHIAS, J., and BARNES, J., concur.