******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHARLES FITCH ET AL. *v.* ERIC
FORSTHOEFEL ET AL.
(AC 41846)

Lavine, Moll and Devlin, Js.

*Syllabus*

The plaintiffs brought this action seeking a declaratory judgment and to
quiet title relating to the scope of an ingress and egress easement in
favor of the defendants, which was located on a shared driveway on
the plaintiffs' property. Following a trial to the court, the trial court
rendered judgment in favor of the plaintiffs, from which the defendants
appealed to this court. *Held:*

1. The defendants could not prevail on their claim that the declaratory
   judgment rendered by the trial court did not provide the plaintiffs with
   any practical relief and, thus, did not solve a justiciable controversy,
   which was based on their claim that because the parties agreed that
   the easement was limited to ingress and egress, the plaintiffs were in
   the same position they were in prior to the commencement of the
   action; the plaintiffs' action alleged the overburdening of an easement,
   specifically, that the scope of permissible uses of the easement by the
   dominant estate was limited to ingress and egress and that any other
   use would overburden the easement, the defendants claimed that there
   was no cause of action for minor, infrequent use of the easement unre-
   lated to ingress and egress, and the court's judgment, which adjudicated
   the rights of the parties with respect to the scope of the easement,
   effectively adopted the plaintiffs' position, and, consequently, the plain-
   tiffs were not in the same position as they were prior to the commence-
   ment of the action, and the claimed controversy was justiciable.

2. The defendants' claim that the trial court applied the wrong standard in
   determining that they had overburdened the easement was unavailing;
   although the defendants claimed that the court improperly proscribed,
   contrary to a reasonableness standard, trivial and infrequent conduct,
   such as the defendants' children writing with chalk on the easement
   area, given the clear and unequivocal language of the easement, the
   defendants' rights thereunder were expressly limited to ingress and
   egress, the defendants acknowledged that their rights under the ease-
   ment were limited to ingress and egress, and because the record sup-
   ported the court's finding that the defendants' children engaged in activi-
   ties on the driveway unrelated to ingress and egress, the trial court
   properly evaluated the scope of the easement.

Argued September 10—officially released November 5, 2019

*Procedural History*

Action seeking, inter alia, a declaratory judgment
with respect to certain real property, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Hartford and tried to the court, *Wahla, J.*; judg-
ment for the plaintiffs, from which the defendants
appealed to this court. *Affirmed.*

*Peter J. Royer*, for the appellants (defendants).

*Charles S. Fitch*, self-represented, with whom, on the
brief, was *MaryAnn Fitch*, self-represented, the appel-
lees (plaintiffs).

*Opinion*

MOLL, J. The defendants in this declaratory judgment and quiet title action, Eric Forsthoefel and Sarah Sweeney, appeal from the judgment of the trial court, rendered after a court trial in favor of the plaintiffs, Charles Fitch and MaryAnn Fitch. The parties' dispute relates to the scope of an ingress and egress easement located on the plaintiffs' property. The defendants claim that (1) the declaratory judgment rendered by the trial court provided the plaintiffs with no practical relief and, therefore, did not solve a justiciable controversy, and (2) the trial court applied the wrong standard in determining that the defendants had overburdened the easement. We disagree and, accordingly, affirm the judgment of the trial court.

The trial court found the following facts. The parties own adjoining parcels of residential property on Sarah Drive in Avon. The plaintiffs have resided at 45 Sarah Drive for approximately thirty years. The defendants and their three children moved to 49 Sarah Drive in June, 2015. Located on the plaintiffs' property, specifically, on a portion of an approximately twelve foot wide driveway, is an express easement appurtenant in favor of the defendants' property for the purposes of ingress and egress.[1] The easement is described in relevant part as follows: "The unrestricted, permanent and irrevocable right to pass and repass, on foot and with motorized vehicles and equipment, over, upon and across a certain portion of [the plaintiffs' property] . . . for all uses and purposes necessary, convenient or incidental to the use of [the easement] as an access way for ingress and egress to and from [the defendants' property] to Sarah Drive . . . ."[2]

Shortly after the defendants moved into their home, Charles Fitch informed Sweeney that there was a problem, namely, that the defendants' children were playing on the easement area and that they were not permitted to do so because the easement was limited to ingress and egress. The defendants believed that they could use the easement area without restriction in a typical way that any family would use a driveway. Among other activities, MaryAnn Fitch observed the defendants' children playing with scooters, bicycles, and skateboards on the easement area, which encompasses a curve and so-called blind spots. As a result of the children's activities, the plaintiffs feared for the safety of the children and had concerns about their own liability should the children be injured on the easement area.

On July 11, 2016, the plaintiffs commenced this action by way of a two count complaint against the defendants relating to the scope and use of the easement. The plaintiffs alleged, inter alia, that after the defendants had purchased their property, the defendants allowed their children and guests to occupy and loiter in the

easement area. That conduct, they alleged, unduly burdened the easement. The first count sought a declaratory judgment to determine "the existence, proper location, and the extent of permissible uses and users of the [e]asement." The second count sought to quiet title by determining the rights of the parties under the easement pursuant to General Statutes § 47-31.[3] The matter was tried before the court on June 29 and October 26, 2017.

On June 22, 2018, the trial court issued its memorandum of decision, ruling in favor of the plaintiffs on both counts of their complaint. The court concluded that the "terms of the [e]asement [were] clear and unequivocal, allowing the owners of the dominant estate, the defendants, to use the [e]asement area solely for 'ingress and egress' to the defendants' property and to access the public road beyond." In addition, the court determined that although there was a substantial dispute in the evidence regarding the frequency with which the children had played on the easement area, it was "not disputed by [the parties] that the . . . children have, in fact, engaged in conduct other than ingress and egress in the [e]asement area, including loitering, leaving toys in the easement, and making chalk drawings, among other activities." Because such activities were not permitted by the easement, the court declined to "determine with finality the entire history of the children's activities" and concluded that the easement had been overburdened by the defendants' activities. This appeal followed. Additional facts and procedural history will be set forth as necessary.[4]

I

The defendants first claim that the declaratory judgment rendered in favor of the plaintiffs did not afford the plaintiffs with any practical relief, and therefore did not solve a justiciable controversy, because the parties agreed that the easement was limited to ingress and egress only.[5] The defendants contend that the plaintiffs are in the same position as they were in prior to the commencement of the action and, therefore, the judgment should be reversed and the complaint should be dismissed. We are not convinced.

"A court will not resolve a claimed controversy on the merits unless it is satisfied that the controversy is justiciable. . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . As we have recognized, justiciability comprises several related doctrines, namely, standing, ripeness, mootness and the political question doctrine, that implicate a court's subject matter jurisdiction and its competency to adjudi-

cate a particular matter. . . . Finally, because an issue regarding justiciability raises a question of law, our appellate review is plenary." (Citation omitted; internal quotation marks omitted.) *Shenkman-Tyler* v. *Central Mutual Ins. Co.*, 126 Conn. App. 733, 738–39, 12 A.3d 613 (2011).

Our Supreme Court has recognized that the purpose of a declaratory judgment action is to "secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." *Connecticut Assn. of Health Care Facilities, Inc.* v. *Worrell*, 199 Conn. 609, 613, 508 A.2d 743 (1986). "[A] declaratory judgment action must rest on some cause of action that would be cognizable in a nondeclaratory suit." *Wilson* v. *Kelley*, 224 Conn. 110, 116, 617 A.2d 433 (1992).

Mindful of the foregoing principles, we conclude that the claimed controversy in the present case is justiciable. As an initial matter, we observe that the plaintiffs' declaratory judgment action rests on a cause of action for the overburdening of an easement. See *Abington Ltd. Partnership* v. *Heublein*, 257 Conn. 570, 577, 778 A.2d 885 (2001). Contrary to the defendants' claim that the declaratory judgment rendered by the trial court provides no practical relief because the defendants agree that their rights under the easement are limited to ingress and egress, the record reveals an actual controversy among the parties. That is, the plaintiffs have maintained their view that the scope of permissible uses of the easement by the dominant estate is strictly limited to those relating to ingress and egress, and that any other use would overburden the easement. In contrast, the defendants have argued that there is no cause of action for "innocent," "trivial," "temporary," and/or "inadvertent" use of the easement unrelated to ingress and egress. The declaratory judgment rendered by the trial court adjudicated the rights of the parties with respect to the scope of the easement, effectively adopting the plaintiffs' position. Consequently, the plaintiffs are not in the same position as they were prior to the commencement of the action. Therefore, we conclude that the declaratory judgment of the trial court afforded practical relief to the plaintiffs and resolved a justiciable controversy.

## II

The defendants claim on the merits that the trial court erred in determining that "any activity beyond entry and exit of the defendants' property is unauthorized and would constitute an overburdening of the [e]asement." Specifically, they contend that the standard employed by the court in rendering judgment against them improperly proscribed, contrary to a reasonableness standard, trivial and infrequent conduct, such as the defendants' children writing with chalk on the easement area, despite it being unrelated to ingress and egress.

For the reasons that follow, we disagree with the defendants.

We begin by setting forth the applicable standard of review. "For a determination of the character and extent of an easement created by deed we must look to the language of the deed, the situation of the property and the surrounding circumstances in order to ascertain the intention of the parties. . . . The language of the grant will be given its ordinary import in the absence of anything in the situation or surrounding circumstances which indicates a contrary intent. . . . [T]he determination of the intent behind language in a deed, considered in the light of all the surrounding circumstances, presents a question of law on which our scope of review is plenary. . . . In determining the scope of an express easement, the language of the grant is paramount in discerning the parties' intent. In order to resolve ambiguities in the language, however, the situation and circumstances existing at the time the easement was created may also be considered." (Citations omitted; internal quotation marks omitted). *Leposky* v. *Fenton*, 100 Conn. App. 774, 778, 919 A.2d 533 (2007).

Guided by these principles, we begin our analysis with the language of the easement, which gives the dominant estate holder the "right to pass . . . over, upon and across [the plaintiffs' property] . . . for all uses and purposes necessary, convenient or incidental . . . as an access way *for ingress and egress to and from [the defendants' property] to Sarah Drive . . . .*" (Emphasis added.) We agree with the trial court that, on the basis of the clear and unequivocal language of the easement, the defendants' rights thereunder are expressly limited to ingress and egress.

With this conclusion as our foundation, we find this court's decision in *Leposky* v. *Fenton*, supra, 100 Conn. App. 774, to be particularly instructive. In *Leposky*, the plaintiffs' property was benefitted by an express right-of-way easement over the defendants' property for purposes of ingress and egress. Id., 776. The plaintiffs not only used the easement for ingress and egress, but also to park their vehicles and to store a boat thereon. Id. Litigation ensued relating to the parties' respective rights under the easement. Id., 777. With respect to the plaintiffs' use of the right-of-way for parking and storage, the trial court held that such use "constitutes a reasonable use within the scope of the easement for ingress and egress." Id. This court reversed the judgment of the trial court, concluding, "on the basis of the clear language of the deed, that the plaintiffs' rights under the easement are limited to ingress and egress . . . ." Id. Thereupon, this court held that "[b]ecause the right-of-way is not granted in general terms, the [trial] court's reliance on the doctrine of reasonable use to expand the easement to include parking and storage rights was misplaced." Id., 779; see also *Hall* v. *Alto-*

*mari*, 19 Conn. App. 387, 390–91, 562 A.2d 574 (1989) (interpreting right-of-way granting defendant right to travel "to and from" the public road over plaintiff's property as limited to ingress and egress without right to park because right-of-way was not granted in general terms [internal quotation marks omitted]). As in *Leposky*, the rights conferred by the easement in the present case explicitly limit the defendants' activities to those that relate to ingress and egress.

Notably, the defendants acknowledge that their rights under the easement are limited to ingress and egress. They nonetheless contend that their children's minor, infrequent use of the easement, other than for ingress and egress purposes, does not constitute overburdening when considered under a standard of reasonableness. In support of this claim, they principally rely on *Lichteig* v. *Churinetz*, 9 Conn. App. 406, 409–10, 519 A.2d 99 (1986), in which this court explained that the reasonable use of an easement depends on "the amount of harm caused, its foreseeability, the purpose or motive with which the act was done, and the consideration of whether the utility of the use of the land outweighed the gravity of the harm resulting." (Internal quotation marks omitted.) The defendants' reliance on *Lichteig* is misplaced. The easement at issue in *Lichteig*, unlike here, granted a general right-of-way. See *Lichteig* v. *Churinetz*, supra, 9 Conn. App. 410 ("[the right-of-way] is one created in general terms and without any restrictions on its use"). In the context of an easement granted in general terms, we have applied the reasonable use factors to ascertain its proper scope because it is well settled that "a right-of-way *granted in general terms* may be used for any purpose *reasonably necessary* for the party entitled to use it." (Emphasis added.) *Hagist* v. *Washburn*, 16 Conn. App. 83, 86, 546 A.2d 947 (1988).

In sum, because the easement is expressly limited to ingress and egress, and the record supports the trial court's finding that the defendants' children engaged in *some* activity on the shared driveway unrelated to ingress and egress,[6] we conclude that the trial court properly evaluated the scope of the easement.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] At trial, the parties filed a stipulated chain of title. There is no dispute as to the validity of the easement, which is recorded on the Avon land records at volume 173, page 796.

[2] Therefore, the defendants' property is considered the dominant estate and the plaintiffs' property the servient estate. See *Il Giardino, LLC* v. *Belle Haven Land Co.*, 254 Conn. 502, 512, 757 A.2d 1103 (2000).

[3] General Statutes § 47-31 (a) provides in relevant part: "An action may be brought by any person claiming title to, or any interest in, real or personal property . . . against any person who may claim to own the property . . . or to have any interest in the property, or any lien or encumbrance on it, adverse to the plaintiff, or against any person in whom the land records disclose any interest, lien, claim or title conflicting with the plaintiff's claim, title or interest, for the purpose of determining such adverse estate, interest or claim, and to clear up all doubts and disputes and to quiet and settle the title to the property. . . . "

[4] The plaintiffs filed a motion for rectification on August 3, 2018, requesting the trial court to correct alleged errors in its memorandum of decision. The trial court issued an order on October 18, 2018, granting in part and denying in part the motion. No motion for review of that ruling was filed; see Practice Book § 66-7; and the correction made as a result thereof has no effect on our analysis.

[5] In response to the defendants' argument before the trial court that the action was moot because their children had ceased activity on the easement area, the trial court concluded that this action was not moot because there was a possibility that such activity could occur again in the future. In their posttrial brief, the defendants also argued that the rendering of a declaratory judgment would be "redundant" of the easement itself because the easement was express and unambiguous. Because the trial court did not specifically address this latter argument, we normally would decline to reach it. See *Inland Wetlands and Watercourses Commission* v. *Andrews*, 139 Conn. App. 359, 363, 56 A.3d 717 (2012). However, because justiciability implicates subject matter jurisdiction; *Liberty Mutual Ins. Co.* v. *Lone Star Industries, Inc.*, 290 Conn. 767, 812, 967 A.2d 1 (2009); and we may "review the issue of subject matter jurisdiction at any time"; (internal quotation marks omitted) *Tirado* v. *Torrington*, 179 Conn. App. 95, 100, 179 A.3d 258 (2018); we proceed to review the defendants' claim.

[6] In their principal appellate brief, the defendants take issue with the trial court's finding that "what is not disputed by either party is that the defendants' children have, in fact, engaged in conduct other than ingress and egress in the [e]asement area, including loitering, leaving toys in the easement, and making chalk drawings, among other activities," and the court's determination that, because the children's actions were not permitted by the easement, the court did "not feel it necessary . . . to determine with finality the entire history of the children's activities . . . ." In light of our conclusion herein, the trial court did not need to determine the precise extent of the defendants' impermissible use of the easement. We pause, however, to comment on the trial court's use of the term "loitering." Because the trial court's decision does not explain what activity of the defendants' children is captured by its use of the undefined term "loitering," we do not adopt that finding. For purposes of our decision herein, it is sufficient that the trial court found, on the basis of evidence in the record, that the defendants' children had engaged in conduct unrelated to ingress and egress.